## Zachariah M. T. Godfrey *et al. versus* Levi Humphrey.

A devise of "all my real *estate*," without words of limitation or inheritance, passes a fee simple.

Writ of entry. Trial before *Putnam J.*

The demandants claimed as heirs of their grandfather, Zachariah M. Thayer, who died seised of the demanded premises in May, 1808.

*In margin:* Talbot *v.* Gay.

Godfrey
v.
Humphrey.

The tenant claimed under Thayer's will, dated May 8th, 1808, which, after providing for the payment of his debts out of his personal estate, and giving five dollars to each of his daughters, and a specific legacy to a niece, proceeded as follows :— " I do give and bequeath to my wife Sarah Thayer, all my real and personal estate of every description, she paying my just debts and legacies." The testator also appointed his wife to be executrix of his will.

It was agreed, that the wife of the tenant was the sister and sole heir of Sarah Thayer, who died in 1835 ; and that two thirds or three quarters of the demanded premises consisted of wild and uncultivated land.

A verdict was returned for the demandants, subject to the opinion of the whole Court upon the devise to Sarah Thayer. If the Court should be of opinion that it passed a fee, the verdict was to be set aside, and the demandants to be nonsuited ; but if it passed only an estate for life, judgment was to be rendered on the verdict.

*Nov. 1st*

*Metcalf* and *Churchill*, for the tenant, to the point, that the devise to the wife passed a fee to her by virtue of the word, " estate," cited *Murry* v. *Wyse*, Finch's Prec. Chanc. 264 ; *S. C.* 2 Vernon, 564, and notes ; Bac. Abr. *Legacies & Devises, C* ; *Cole* v. *Rawlinson*, 1 Salk. 234 ; *Holdfast* v. *Marten*, 1 T. R. 411 ; 4 Dane's Abr. 608 ; *Bridgwater* v. *Bolton*, 1 Salk. 236 ; *S. C.* 6 Mod. R. 109 ; *Sharp* v. *Sharp*, 6 Bingh. 630 ; *Doe* v. *Langlands*, 14 East, 370 ; *Baker* v. *Bridge*, 12 Pick. 31 ; Revised Stat. c. 62, § 4 ; *Wright* v. *Denn*, 10 Wheaton, 235 ; *Morrison* v. *Semple*, 6 Binney, 94 ; *Jackson* v. *Housel*, 17 Johns. R. 282 ; *Roe* v. *Bacon*, 4 Maule & Selw. 369.

*S. D. Parker*, for the demandants, cited *Bowes* v. *Blackett*, 1 Cowp. 235 ; *Chester* v. *Painter*, 2 P. Wms. 335 ; *Doe* v. *Fyldes*, 2 Cowp. 840 ; *Roe* v. *Holmes*, 2 Wils. 80; 2 Preston on Est. 69, 78 ; 8 Viner's Abr. 237 ; *Doe* v. *Buckner*, 6 T. R. 610 ; *Kellett* v. *Kellett*, 3 Dow, 248 ; *Timewell* v. *Perkins*, 2 Atk. 102 ; *Shaw* v. *Bull*, 12 Mod. 594 ; *Frogmorton* v. *Wright*, 3 Wils. 418 ; *Doe* v. *Baines*, 2 Crompt Mees & Roscoe, 23 ; *Lambert* v. *Paine*, 3 Cranch, 97.

SHAW C. J. drew up the opinion of the Court. The single question in this case is, whether the devise of the testator, Z. M. Thayer, to his wife, gave her an estate in fee simple, or an estate for life only, in the premises in controversy.

It is scarcely necessary now to repeat the familiar rule of law, that in a will, the word " *heirs,*" or other express words of inheritance, are not necessary to create an estate of inheritance in the devisee ; but if by the terms of the devise, expounded with reference to all the other provisions in the will, it appears affirmatively, that it was the intent of the testator to give an estate in fee simple, the devise will be so construed, as to pass such an estate. *Baker* v. *Bridge,* 12 Pick. 27. Though if such an intent cannot be found in the will, either expressed or implied in its terms, or drawn by fair inference from other manifest intentions expressed in the will, then, in favor of the heir at law, it must be construed to pass only an estate for life. *Farrar* v. *Ayres,* 5 Pick. 404 ; *Kellett* v. *Kellett,* 3 Dow, 248.

The Court are of opinion, that this devise to the wife passed an estate in fee, without words of limitation, by force of the word " estate."

It has long been held, that the devise of all a man's estate, where there are not words to control or restrain its operation, shall be construed not merely to mean his lands, but the quantity of interest which he has in them, so as to pass an estate of inheritance, if he has one. *Carter* v. *Horner,* 4 Mod. 89 ; *S. C.* 1 Eq. Cas. Abr. 177.

Sometimes the word " estate " is enumerated with others, all descriptive of personal or chattel interests, so as to exclude real estate. Sometimes it is used as a word of mere local description, as, *my estate at such a place.* But where it can be construed to intend all one's real estate, without restriction, it carries a fee. *Holdfast* v. *Marten,* 1 T. R. 411.

In the case cited by the counsel for the demandants, *Bowes* v. *Blackett,* Cowper, 235, the testator gave all his lands, &c., and all his estate and interest in them, to his wife for life. Of course, under this express limitation, the use of the word " estate " could have no effect. But in the devise to his sisters no such word was used. This was remarked by Lord *Mans*

Godfrey
v.
Humphrey.

*field*, in giving the opinion of the Court, implying that had these words been used, without limitation or restriction, in the devise to the sisters, they would have carried a fee. In a very recent case, *Doe* v. *Baines*, 2 Crompt. Mees. & Roscoe, 197, the devise was " of all and singular my lands, &c. to be truly possessed and enjoyed " ; and it was held not to pass a fee, upon the known distinction between " all my lands," and " all my estate."

This opinion renders it unnecessary to consider the other grounds upon which it is contended that this devise passed a fee, as, that it contained a personal charge on the devisee for the payment of debts and legacies, on failure of personal property, and that the estate consisted in part of wild lands ; grounds, which if the question depended upon them, would be entitled to great consideration.

*Verdict set aside, and demandants nonsuit*