## MOSES PUTNAM *vs.* STEPHEN EMERSON & another.

A testator, by the first clause of his will, gave to A. and B. the use, profit and benefit of all his real estate during their lives, except such parts thereof as were thereinafter specially disposed of : By the second clause, he gave to J., his executor, thus "All my real and personal estate, to come into possession at the decease of the aforesaid A. and B., with the privilege to let the farm annually, and sell my hill pasture, called Ten Acres, with my stock, tools, &c. ; with the income of my farm to pay my just debts, if the income of the farm should be any thing more than a comfortable support for said A. and B. ; the aforesaid privileges to come into possession at my decease ; the said J. to come into possession of the whole estate at the decease of the aforesaid A. and B. :" The third clause of the will was thus : "But if the said J. shall neglect to provide for the said A. and B. a comfortable support in sickness and in health, during their lives, then the said A. and B. to have the improvement of the farm during their lives."

On the testator's decease, J. took possession of all his property, real and personal, paid his debts, and furnished support to A. and B. during their joint lives, and to A. after the death of B.: While A. and B. were both alive, J. made a mortgage of the real estate to P.: J. died, living A. ; and J.'s administrator was willing and offered to support A. according to the testator's will ; but A. took possession of the real estate and demised it to E.

*Held,* in a writ of entry brought by P. against A. and E. to foreclose said mortgage, that the whole of said real estate passed to J., on the testator's decease, subject to the condition in favor of A. and B., by the non-performance of which they would have become entitled to the improvement and income of said estate.

*Held also*, that the will did not create a personal trust in J., which no one else could execute, but that his administrator or assignee could well execute it; and therefore, as his administrator was willing and ready to execute it, A. had no right to possession of the estate, and that P. was entitled to conditional judgment.

WRIT OF ENTRY to foreclose a mortgage of lands in Middleton, made to the demandant by Jesse Perkins on the 6th of April 1839. The parties submitted the case to the court on the following agreed statement:

The title of Jesse Perkins, the mortgagor, to the mortgaged premises, was under the last will of Jacob Perkins, which was duly proved and allowed, and was thus: "As touching such worldly estate as it hath pleased God to bless me with, I dispose of it in the following manner: 1. I give and bequeath to my sisters, Lucy Perkins and Lois Perkins, the use and profit and benefit of my whole real estate, for the term of their natural lives, except such parts thereof as are specially disposed of hereafter. 2. I give and bequeath to my nephew, Jesse Perkins," (the mortgagor) "all my real and personal estate, to come into possession at the decease of the aforesaid Lucy and Lois, with the privilege to let the farm annually, and sell my hill pasture (called Ten Acres) with my stock, tools, hay, &c.; with the income of the farm; to pay my just debts, if the income of the farm should be any thing more than a comfortable support for my aforesaid sisters; the aforesaid privileges to come into possession at my decease; the said Jesse to come into possession of the whole estate at the decease of the aforesaid Lucy and Lois. 3. But if the said Jesse Perkins shall neglect to provide for the said Lucy and Lois a comfortable support in sickness and in health, during their natural lives, then the said Lucy and Lois to have the improvement of the farm during their natural lives. 4. I give to my brother Oliver Perkins five dollars: 5. I give to my brother Moses Perkins five dollars. 6. I hereby appoint the said Jesse Perkins sole executor of this my last will and testament, enjoining it on him to pay all my just debts, and the aforesaid legacies, in one year from my decease."

The said Lucy Perkins and Lois Perkins were supported by said Jesse Perkins, during their joint lives, agreeably to the pro-

visions of said will. Said Lois died on the 20th of August 1842, and said Jesse died on the 20th of February 1843. After the death of said Lois, and until the death of said Jesse, said Lucy was supported by him. Said Jesse came into the actual possession of said estate on the decease of said testator, viz. on the 18th of January 1834, and continued in possession until his death. Said Lucy and Lois resided in the house that belonged to the testator, and were supported therein, by said Jesse, during their joint lives ; and said Lucy was supported therein, after the decease of said Lois, by said Jesse, who occupied a part of the same house. After the death of said Jesse, his widow, who was administratrix of his estate, offered to continue to furnish the necessary supplies for the comfortable support of said Lucy, in the same manner in which they had before been furnished, and is still ready to furnish them.

Said Jesse paid the testator's debts, amounting to about $700. The whole real estate of the testator is included in the mortgage deed made to the demandant by said Jesse, except a parcel of peat meadow. The testator's heirs at law were two brothers, and the said Lucy and Lois, his two sisters. The said Jesse was a son of one of the testator's brothers.

*Perkins*, for the demandant.

*Ward*, for the tenants.

The court delivered their opinion at November term 1844.

WILDE, J. This case depends on the construction of the will of Jacob Perkins, and the principal question to be decided is, whether Jesse Perkins, the demandant's grantor, took by the said will a life estate, or an estate in fee, in the demanded premises. The will is very unskilfully drawn, and some of the clauses are apparently inconsistent with each other ; but taking into consideration the whole will, we think the intention of the testator is manifest, and that there can be no reasonable doubt of its true construction.

By the first clause, an estate for life in the testator's real estate is given to his two sisters, Lucy and Lois Perkins ; and by the second clause, his whole estate, real and personal, is given to his nephew Jesse Perkins, he to come into possession

at the decease of the two sisters.  If the will had stopped here, its construction would be very clear.  The sisters would have taken an estate for life, respectively ; and the nephew would have taken a remainder in fee, which would vest in him on the death of the testator, although the possession was postponed until after the decease of the sisters.

That a devise of a testator's whole *estate* will pass a fee, he being seized of such an estate, is unquestionable, unless given in such words as go merely to describe the lands devised, and not the extent of his interest therein.  *Randall* v. *Tuchin*, 6 Taunt. 410.  *Godfrey* v. *Humphrey*, 18 Pick. 537.  *Brown* v. *Wood*, 17 Mass. 73.  *Kellogg* v. *Blair*, 6 Met. 325.

It has been argued, that the power given by a subsequent part of the will to the nephew, to sell a part of the lands and personal property devised, is inconsistent with this construction ; but we think not.  This was necessary, in order to give the pur chaser a good title against the two sisters.  The only doubt, therefore, arises from other parts of the will, by which it was provided that the nephew might come into possession of the farm at the testator's decease, and let the same annually, and with the surplus annual income of the farm pay the testator's debts, " if the income of the farm should be any thing more than a comfortable support " for the testator's said sisters. And by the third clause it is provided, that " if the said Jesse Perkins shall neglect to provide for the said Lucy and Lois a comfortable support, in sickness and in health, during their natural lives, then the said Lucy and Lois to have the improvement of the farm during their natural lives."

These provisions are inconsistent with the first clause, by which the whole use, profit and benefit of the testator's whole real estate is given to the two sisters unconditionally.  There is, however, an exception in this clause, in the words following · " except such parts thereof as are specially disposed of hereafter."  This exception does not extend in terms to the whole estate given to the sisters ; but it clearly evinces an intention of qualifying that clause according to the subsequent provisions ; so that if they could not be reconciled, the former should be

modified by the latter. And without that exception, such would be the rule of construction. A part of the second clause, and the whole of the third, would be considered as annexed to the first clause, in the nature of a condition or proviso quali fying and limiting the generality of the previous language of the devise. That this was the intention of the testator, will not admit of a doubt. He expressly directs that his nephew shall come into possession at his decease, and he directs how the income is to be disposed of. And by the third clause it is pro- vided, that if the nephew should neglect to provide a comfortable support for the two sisters, then the sisters were to have the improvement of the farm during their natural lives; which con- clusively implies that they were not to have the improvement, if they should be supported as the will directs.

We have therefore no doubt as to the true meaning and construction of this will. We consider the whole estate to have passed to Jesse Perkins, on the death of the testator, subject to a condition in favor of his two sisters, by the non- performance of which by the said Jesse, they would become entitled to the improvement and income of the farm. The demandant accordingly is entitled to judgment for possession of the whole premises demanded, as it appears that the said Jesse did comply with the condition and requisition of the will in favor of the two sisters during his life time, and that since his decease, his widow and administratrix offered to do the same; and always has been, and still is, ready to comply with the said condition. There has therefore been no forfeiture of the estate, for there is no foundation for the argument that the will created a personal trust, which could be performed only by the said Jesse Perkins. There is nothing in the will from which such a personal trust can be inferred; and there is nothing in the condition, to be performed by Jesse Perkins, in the nature of a personal trust. The condition in favor of the testator's two sisters might unquestionably be well performed by his executor or administrator, or by his heirs and assigns. *Simonds* v. *Simonds,* 3 Met. 558.

*Judgment nisi for the demandant.*