Tracy & another *v.* Kilborn & others.

---

WILLIAM C. TRACY & another *vs.* ISAAC KILBORN & others.

The following terms in a will, "I give and bequeath to my wife Clarissa all my estate, both real and personal, for her own use and benefit, reserving only sufficient to pay my just debts," carry a fee, without words of limitation, by force of the word "estate."

THIS was a writ of entry to recover certain real estate in Richmond. The demandants claimed title as heirs at law of James L. Chittenden. The tenants claimed title as the devisees of Clarissa Chittenden, the widow of James L. The question was, what estate the latter took under the will of her husband, which was as follows: —

"I give and bequeath to my beloved wife, Clarissa Chit-

47 *

tenden, all my estate, both real and personal, for her own use and benefit, reserving only sufficient to pay my debts. And I do hereby constitute and appoint the said Clarissa Chittenden my sole executrix of this my last will and testament."

*P. L. Page*, for the demandants.

*H. W. Taft*, for the tenants.

BY THE COURT. The single question is, whether the wife, as devisee, took an estate in fee, without the word "heirs," or other words of limitation. The words are, "I give and bequeath to my wife, Clarissa, all my estate, both real and personal, for her own use and benefit, reserving only sufficient to pay my just debts." There are two recent cases, directly in point, which show that a devise of all one's real and personal " estate " carries a fee, without words of limitation, by force of the word "estate." *Godfrey* v. *Humphrey*, 18 Pick. 537 ; *Kellogg* v. *Blair*, 6 Met. 322. It is obvious, from the above cited clause in the will, in this case, if that circumstance were necessary, that this is a devise of a residue ; reserving only enough to pay debts, the testator gives all the rest. The court are of opinion, that by this devise, the wife took an estate in fee, and that judgment must be rendered for the tenants.