## ABBY Z. COFFIN *vs.* WILLIAM LORING, JR.

If a mortgagee of land executes upon the mortgage an assignment thereof, absolute in form, and the assignee afterwards writes under the assignment an acknowledgment that he has received "full satisfaction for the debt secured by the above assignment of the within mortgage," and this acknowledgment is recorded, this will constitute sufficient evidence that, as between the parties, the transaction was simply a mortgage of the mortgage; and the mortgagee of the land may maintain an action against the mortgagor to foreclose the mortgage.

WRIT OF ENTRY brought on the 12th of April 1862, to foreclose a mortgage from the defendant to the plaintiff.

At the trial in the superior court, before *Russell*, J., without a jury, it appeared that on the 1st of October 1856 the plaintiff executed upon the back of the mortgage an assignment thereof, absolute in form, to William S. Spear, which assignment was duly acknowledged and recorded; that under this assignment Spear, on the 9th of April 1857, signed and sealed the following instrument: " I acknowledge to have received full satisfaction for the debt secured by the above assignment of the within mortgage;" and that this instrument was duly entered of record. It was also admitted, if parol evidence to prove the same is competent, that the transfer to Spear was made as collateral security for a loan, which was fully repaid at the date of 'he acknowledgment of satisfaction, and that he has not since claimed any right under the mortgage.

The judge ordered conditional judgment for the plaintiff, and the defendant alleged exceptions.

*T. S. Dame*, for the defendant.

*G. W. Searle*, for the plaintiff.

HOAR, J. The objection to the plaintiff's maintaining her action is, that she had assigned the mortgage on which she declares, and thereby divested herself of the legal title to the mortgaged premises; and that she had not taken any sufficient reconveyance when the action was commenced. If this were so, the defence must prevail.

But the plaintiff undertook to show that the assignment to

Spear, although absolute in form, was in reality itself a mortgage made for the security of a debt; and that it had been discharged. It would not be competent to show this by parol. *Lincoln* v. *Parsons*, 1 Allen, 388.

The only written evidence that the assignment was a mortgage is found in the discharge of the assignment, written upon the back of the original mortgage. This is under seal, signed by the assignee, acknowledged, and recorded in the registry of deeds upon the margin of the record of the assignment. It acknowledges satisfaction of "the debt secured by the above assignment of the within mortgage." And we are of opinion that no principle is violated in regarding this instrument, as between the parties, as constituting a sufficient defeasance. It is under seal, acknowledged and recorded. Though not of even date with the deed, it furnishes conclusive evidence that the assignment was made only as security for a debt; and, as we think, sufficient proof that the parties had agreed that a defeasance should be given. This would bring it within the case of *Lovering* v. *Fogg*, 18 Pick. 540, in which it was held that, on a sale of land by a deed absolute in form, but with a verbal agreement that the vendee should give a bond to reconvey on receiving payment of a debt, when such a bond was afterward given it related back, so that as between the parties themselves the deed and bond constituted a mortgage. The fact that the sum for the payment of which the assignment of the mortgage was intended as a security is not named is immaterial, because, whatever it is, it has been paid.

If the assignment is taken to be a mortgage, there is no difficulty in allowing the plaintiff to maintain her action. The defendant holds no title derived from the assignee. As to all persons except the mortgagee and those claiming under him, a mortgagor is regarded as the owner of the estate, and may maintain a real action. *Bradley* v. *Fuller*, 23 Pick. 1. This rule seems equally as applicable to the case of the mortgage of a mortgage, as to any other. *Exceptions overruled.*