ALBANY,
August, 1810.

JACKSON
v.
MERRILL.

JACKSON, *ex dem.* DECKER and others, *against*
MERRILL.

THIS was an action of ejectment, for lands in *Rich-mond* county. The declaration contained joint and seve-ral demises, from *Richard Decker* and his wife, *John Merrill, Richard Merrill,* and *Anne Merrill,* as lessors of the plaintiff.

This cause was tried, at the *Richmond* circuit, on the 26th of *May,* 1809, before Mr. Justice SPENCER. The lessors claimed title under the will of *John Decker,* de-ceased, who was the father of the husband of the defendant, *Anne Merrill,* who was in possession, and claimed to hold under the same will. The will was da-ted the 14th of *April,* 1753; the parts material in the present case, were as follows:

" Now, for the settling my temporal estate, and such goods and chattels, and debts, as it has pleased God, far above my deserts, to bestow upon me, I do order, give, and dispose, in the manner and form following, that is to say, first, I will, that all those debts and dues that I owe, in right or conscience, to any manner of person or persons whatsoever, shall be well and truly paid, or or-dered to be paid, within a convenient time after my de-cease, by my executors, hereinafter named ; then I give and bequeath unto my three daughters, *Gartey,* and *Win-te,* and *Sarah,* to each of them, thirty-five pounds a piece ; which I require my three sons shall pay out of my fast children die before they shall come of age, their part shall be equally divided among the rest," &c.

*A. by his last will, devised, as follows: " Now, for settling my temporal estate, &c. I give and bequeath unto my three daugh-ters, G., W. and S., to each of them, 35 pounds a piece; which I will and re-quire my three sons shall pay, out of my fast estate, when it shall fall into their hands : the first of all, I leave my loving wife, Anne, the sole possession of all my estate, my lands, and goods and chat-tels; which she shall enjoy as long as she shall continue my wi-dow; after, it shall fall to my children, I will and require that my three sons, Joida, William, and John, pay each of their sis-ters, 35 pounds a piece, as soon as it shall fall in-to their hands; they shall pay unto each sister, as they shall come of age; and if any of my*

Two of the sons died under age; and one of the daughters afterwards died, without issue. The third son also died, leaving issue. It was held, that the wife took an estate for life, with a vested remainder, in fee, to the sons; that the devise over to the surviving *children* was a good executory devise; and that the word *children* included both sons and daughters.

The word *estate,* in a will, is sufficient to pass a fee. If land be devised to another with di-rections to him to pay a gross sum out of it, the devisee takes an estate in fee, without any other words, though the sum paid does not amount to a year's rent of the land; and though the payment of the sum is postponed, it makes no difference.

estate, when it shall fall into their hands. The first of all, I leave my loving wife, *Anne*, the sole possession of *all my estate, my lands*, and my goods and chattels, which she shall enjoy, so long as she shall continue my widow; after it shall fall to my children, I will and require that my three sons, *Joida*, and *William*, and *John*, pay, each of them, to each of their sisters, thirty-five pounds a piece, as soon as it shall fall into their hands, they shall pay unto each sister, as they shall come of age; *and if any of my children die before they shall come of age, their part shall be equally divided among the rest;* and as to my moveable estate, I will and require that it be equally divided amongst ALL my children, only with this reserve, that my oldest son, *Joida*, shall have five pounds above the rest, for his birthright; and if my sons shall incline to keep the land, and shall not have the ready money to pay, they have four years to pay this money in, with paying at five *per cent.* if they cannot pay it before; and if they pay not within, or at the end of four years, then they shall pay lawful interest." And for the performance of the will, he nominated his wife, and *Jacob Rozzers*, executors.

It was proved, on the part of the plaintiff, that the testator died soon after the execution of the will; that the widow of the testator died within twenty years, in possession, and that *William Merrill*, the husband of the defendant, worked the place for her, on shares, until a few years before her death. It was further proved, that *Joida* and *John*, two of the sons of the testator, died, under age, before the war; that *William*, the third son, who married the defendant, had four children, and died, leaving the defendant in possession of the property.

*Gartey*, one of the daughters, arrived at full age, was married, and had issue, six children, four of whom are now living, and are lessors of the plaintiff in the cause.

*Winte*, another daughter, is now living, and married to *Richard Decker*, another of the lessors ; *Sarah*, the youngest daughter, died under age, without issue, after *Joida* and *John*.

The plaintiff, on this evidence, insisted, that by the above will, an estate for life was limited to the widow, with a vested remainder in fee-simple, to the three sons upon condition subsequent, of their attaining respectively the age of twenty-one years ; and that three of the children, to wit, *Joida*, *John*, and *Sarah*, having died under age, the lessors of the plaintiff were entitled to a proportion of their shares.

The defendant offered no evidence, and the judge directed the jury to find a verdict for the plaintiff, for six cents damages, and six cents costs, reserving the question upon the construction of the will, for the decision of the court.

*Colden*, for the plaintiff. By the will, the wife of the testator took an estate for life, with a vested remainder to the three sons, in fee, with a limitation over, by way of executory devise, to the surviving children. The shares of the two sons, who died under age, went to the four surviving children, in equal proportions ; and on the death of the daughter *Sarah*, her share went to the three surviving children in equal proportions.

The words of the will are, " I leave my loving wife, *Anne*, the possession of all my estate, my lands, and goods and chattels, which she shall enjoy as long as she remains my widow ; after, it shall fall to my children," &c.

Though there are no words of perpetuity or inheritance ; yet, when it appears to be the intention of the testator, to dispose of his whole estate, it amounts to a devise in fee.* The word *estate*, supplies the want of words of inheritance.† Again, the testator's charging

* *Cruise's Dig.* tit. 38. c. 11. s. 22, 23. and the authorities there cited.

† *Cruise's Dig.* tit. 38. c. 11. s. 25. 39, 40, 41, 42. 2 *Black. Comm.* 108. by *Christ.* note 4.

the land with the payment of thirty-five pounds, to each of his three daughters, shows his intention to devise a fee ;* and it makes no difference though the payment of the sums charged is postponed.†

Next, as to the devise over : This is good by way of executory devise, and the remainder became vested in the surviving children. And it makes no difference, in the case of a devise, though two of the children died in the life-time of the widow.‡ Mr. *Fearne* lays down the rule, that the present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the estate limited in remainder determines, universally distinguishes a *vested* remainder from one that is *contingent.*§

*Riker*, contra. There are no express words of devise to the sons. The words apply only to the wife. There is no devise *in fee* to any person. If the sons take, it can only be by implication. A devise to the heir at law, after the death of a third person, gives no estate by implication to such third person.** But if any estate was given to the sons, it was not necessarily an estate in fee. In order to pass an estate in fee, there must be either words clearly showing the intent of the testator to give all his estate, or a charge upon the estate exceeding the annual value.†† In the case of *Wimple* v. *Fonda*,‡‡ there was an express devise to the son, and to his heirs and assigns forever.

The sons, in this case, were bound to pay the legacies, only in case the estate came into their hands ; and it could not come to them, until after the death of the mother. It was not a vested remainder in fee ; but, at most, an estate for life. That there are not words in this will, sufficient to give an estate in fee, will be evident from numerous authorities.§§

* *Harg. Co. Litt.* 9. b. 2 *Black. Comm. Chr.* note 4.
† *Cruise's Dig.* tit. 38. c. 11. s. 49, 50—58.
‡ *Cruise's Dig.* 38. c. 17. s. 1, 2, 3, 4. 7. *Fosdick* v. *Cornell*, 1 *Johns. Rep.* 440. *Wimple* v. *Fonda*, 2 *Johns. Rep.* 288. *Doe* v. *Provoost*, 4 *Johns. Rep.* 61.
§ *Fearne, on Remainders,* (6 ed.) p. 328. 368. 2 *Fearne*, 19. *Executory Devises*.

** 4 *Bac. Abr.* 288. 291. *Leg. and Dev.* (G.)

†† 3 *Burr.* 1533. 1618. 2 *Vern.* 106. *Cowp.* 552.
‡‡ 2 *Johns. Rep.* 288.

§§ 1 *Term Rep.* 411. 2 *Term Rep.* 651. 3 *Term Rep.* 356. 5 *Term Rep.* 558. 6 *Term Rep.* 610. 8 *Term Rep.* 64. 503. 1 *Bos. & Pull.* 30. *Cowp.* 355.

The daughters were entitled to no share in the estate; for the testator gives each of them thirty-five pounds, to be paid to them when the estate falls into the hands of his sons; evidently showing his intention, that the whole should go to his sons. There are no words which can give the daughters an estate in fee, or for life; and they are not charged with the payment of any legacies.

ALBANY,
August, 1810.

JACKSON
v
MERRILL.

Again, the will ought not to be construed, so as to disinherit the heir at law. In *Denn* v. *Miller*,[*] *Grose*, J. says, " the rule is clear, that the heir at law is not to be disinherited, unless the devisor's intention to disinherit him, can be collected from the words of the will." And, in *Doe* v. *Buckner*,[†] Lord *Kenyon* held, that where there are no words in a will, to disinherit the heir at law, the title of the heir must prevail. And the heir at law is not to be disinherited by any implication, but such a one as is necessary.[‡]

[*] 5 *Term Rep.* 563.

[†] 6 *Term Rep.* 612.

[‡] 12 *Mod.* 596.
4 *Term Rep.* 91.

*S. Jones*, jun in reply, observed, that the intention of the testator, to devise his whole estate was too clear to be the subject of argument. It is not necessary that the charge on the estate should be equal to the annual value, unless it is made payable out of the rents.

From what had been already cited from *Fearne's Essay on Contingent Remainders and Executory Devises*, it was clear that this was a vested remainder. The *person* was designated; and the event was *death*.

The testator says, after the death of his wife, his estate is to go to his *children*. The word *children* includes sons and daughters; and if any estate goes to the daughters, it is a remainder in fee. The estate passes over, so as to be equally divided among the children.

THOMPSON, J. delivered the opinion of the court. The lessors of the plaintiff claim title to the premises in question, under the will of *John Decker*, deceased, bear-

ing date the 14th of *April*, 1758. From this will, al-though inartificially drawn, it is clearly to be collected, that the intention of the testator was, to give to his wife the use of all his estate, real and personal, during her widowhood; after which, his three sons were to take the real estate, charged with the payment of thirty five pounds, to each of his three daughters; his personal estate to be equally divided amongst all his children. And, that if any of his children should die before arriving at twenty-one years of age, their share should be equally divided among the survivors.

Such being, as I conceive, the general object of the testator, in the disposition of his estate, this object must be carried into effect, if he has, in his will, adopted a language, which, in judgment of law, is sufficient for that purpose. From the case, it appears, that two of the sons died under age, after which one of the daughters also died under age; another of the daughters, and the children of the third, (who is now dead,) are lessors of the plaintiff claiming under the clause in the will, relative to the surviving children. To this claim several objections have been raised and argued.

The first, and principal one is, that by the will, the real estate is not devised *in fee* to any person.

According to the settled construction of wills, those technical words are not required in a devise, which, in a deed, are deemed absolutely necessary. The intention of the testator is to be carried into effect, if sufficiently declared, however defective the language may be. Words of inheritance are not necessary, in order to convey a fee. An estate will pass by mere implication, without any express words to direct its course. As, when a man devises land to his heir at law, after the death of his wife. Here, though no estate is given to the wife, in express terms, yet she shall have an estate for life, by implication. (2 *Black. Comm.* 381.) So, in the will before us, the de-

vise to the sons is, " I will and require, that my three
sons shall pay, out of my fast estate, *when it shall fall
into their hands*," certain sums to his daughters. This,
when explained by the clause which gives all his estate
to his wife, during her widowhood, shows conclusively,
that the intention of the testator was, that upon the death
or marriage of his widow, the real estate should go to
his three sons. Although there are no technical words
of inheritance used, yet such language is adopted, as has
been repeatedly adjudged sufficient to convey an estate
in fee. When the introductory clause prefixed to a de-
vise of real estate, shows that the testator intended to
part with his whole interest, the subsequent words will,
if possible, be construed so as to pass an estate in fee, to
prevent an intestacy, as to any part of his property. (3
*Burr*. 1618. 6 *Cruise's Dig*. 244.) The testator here,
begins his will in these words : " And now, for settling
my temporal estate, and such goods and chattels, &c. I
do order, give, and dispose, in the manner following,"
clearly showing an intention to dispose, of his whole
interest in all his estate. He then, by implication, devi-
ses to his three sons, his *fast estate*. The word *estate*,
signifies such an interest as the tenant has in the land;
so that if a man grant all his estate in a piece of land to
*A*. and his heirs, every thing which he possibly can
grant, will pass thereby. (*Co. Litt.* 345. 6 *Cruise's Dig.*
244.) And it has been long since established, by ana-
logy, from this principle, that in a will, the words, *all my
estate*, pass a fee-simple. A devise of all one's real
estate, says Lord *Holt*, comprehends, not only the thing
itself, but the interest in it. The primary signification of
the word *estate*, refers rather to the interest than the sub-
ject; and in all cases, both at law and in equity, when
the question has arisen, it has been held, that the word
*estate*, in a will, was sufficient to convey a fee. (1 *Salk.*
276. 2 *P. Wms.* 524. and cases cited in the note. 6
*Cruise's Dig.* 250. 2 *Term Rep.* 658.)

ALBANY,
August, 1810.

JACKSON
v
MERRILL.

But the charge upon the real estate, of thirty-five pounds, to be paid to each of the daughters, puts the question beyond a doubt.   For it is a rule well settled in the construction of wills, that if a person devises lands to another, with directions that the ·devisee shall pay a gross sum out of it, the devisee shall take an estate in fee, without any other words, though the sum to be paid, should not amount, even to a year's rent of the land.   This construction is founded on the principle, that a devise of land shall, in all cases, be intended for the benefit of the devisee; and if a devisee, in cases of this kind, was only to take an estate for life, he might die before he had received from the land the gross sum he had paid, and so be a loser by the devise. (*Co. Litt.* 9. b.   2 *Black. Comm.* 108. note 4. by *Christian.*  6 *Cruise's Dig.* 253, 254.)   Lord *Mansfield* (3 *Burr.* 1623.) says, let the sum charged upon the devise be ever so small, it shall give a fee, but if it be made payable out of the annual profits, it is otherwise.   Lord *Kenyon*, in the case of *Moor* v. *Miller*, (5 *Term Rep.* 561.) although he seems to regret the liberality with which wills have been construed, in order to further the intention of the testator, recognises the same rule, in its fullest extent.   He says, where a devisee is directed to pay an annual rent-charge, or a solid sum to another person, out of the estate devised, it has been properly decided, that the devisee should take a fee, because he might be a loser, unless the estate in his hands were, at all events, sufficient to enable him to bear those charges; and he admits, that where the word *estate* occurs in a will, that, *ex vi termini,* it passes a fee.   This payment of the legacy to the daughters, being postponed until the death of the widow, can make no difference.   No such distinction is to be found in any of the cases.   It is the charge, and not the payment, which is looked to, for the purpose of discovering the intention of the testator.   The payment

is not made a condition precedent, nor did the postpone-
ment of the time of payment alter the nature of the
estate, or prevent its vesting in the sons. They took it,
subject to this charge.

If an estate in fee is devised to the sons, there can
be no doubt, but the devise over to the surviving chil-
dren, is a good executory devise. The case of *Gulliver*
v. *Wicket*, (1 *Wils.* 106.) is somewhat analogous, though
much stronger than the one before us. The devise
over, which was there held good, was after a contin-
gent remainder. The testator devised lands to his wife
for life, and after her death, to such child as she was then
supposed to be pregnant with, and to the heirs of such
child for ever; provided, that if such child should die
before the age of twenty-one years, leaving no issue of
its body, the reversion should go to another. Lord Ch.
Justice *Lee* held, that this was a good devise to the
wife, with a contingent remainder to the child in fee, and
a devise over, which was as an executory devise; and if
the contingency of a child never happened, then the last
devise was to take effect upon the death of the wife. So,
in this case, the devise is to the wife during her widow-
hood, with a remainder in fee to the sons, provided they
arrived to full age, and on that event not happening, then a
devise over to the surviving children. (6 *ruise's Dig.*443.)

It is said, however, that the testator, by the term *chil-
dren*, as used in the will, intended his sons only, so
that the daughters are not included among the executory
devisees. I see nothing in the will to warrant this con-
struction. The term is general, applying as well to the
daughters as sons. " *If any of my children* die before
they shall come of age, their part shall be equally divided
among the rest." This clause follows immediately after
the provision for the daughters, and it would be a forced
and unnatural construction, to apply it to the sons only.
It was argued by the defendant's counsel, in aid of this
construction, that the testator, by the term *children*, in-

tended the sons only, in that part of the will which says, *"after it shall fall to my children."* This I apprehend to be a mistake ; *children*, there applies to the sons and daughters, having reference to the time when they were to come to the possession of his estate, personal as well as real. It immediately follows the devise to his wife, of his whole estate, during her widowhood. Nor can there be any doubt but that the devise over conveys an estate in fee. The terms, *their part*, necessarily refer to the estate, or interest before devised, and the ulterior devise was clearly intended to be as extensive as the antecedent devise.

We are, therefore, of opinion, that the lessors of the plaintiff are entitled to recover, as executory devisees, their proportion of the premises in question, according to the distribution in the will.

Judgment for the plaintiff accordingly.