Shaw, C. J.
It seems now too late to raise a serious doubt upon the point, that the devise of all one’s “ estate,” without words of limitation to heirs and assigns, carries a fee. A recent case in this court, well sustained by authorities, is' directly in point. Godfrey v. Humphrey, 18 Pick. 537. In the present case, it is a residuary clause of all the testator’s estate; for, although the words “ rest and residue ” are not used, words of the same precise legal import are used, to wit, “ all my estate, real and personal, not disposed of, as above mentioned.” The leading authorities, in support of the proposition, that the words “ all my estate,” in a will, carry a fee, are cited in 4 Kent Com. (4th ed.) 535, referring to the elaborate treatises of Pres ton on Estates, and Judge Williams’s edition of Hobart’s Rep. pp. 3 — 7, to the same point.
The counsel for the demandant relies on another class of cases, in which it is held that words in a devise, which would otherwise create an estate for life only, will be enlarged so as to give a fee, if the devisee is charged with the payment of money; and then contends very successfully, that this will does not. charge the devisee personally with the payment of money, or other duty. But these cases have no bearing upon a devise, by the word “ estate,” which carries a fee, whether the devisee be charged with the payment of money or other onerous duty, or not. All the cases cited, it is believed, are those where the *326 devise is not of estate, but of lands, tenements, messuages, or by other terms descriptive of real property, and not of the devisee's estate or interest in it. In the case of Wright v. Denn, 10 Wheat. 204, mainly relied on in the argument, the will contained a devise to the wife “ of all my lands, messuages and tenements, by her freely to be possessed and enjoyed.” No one of the cases cited is a devise by the word “ estate.” This class of cases establish another and distinct ground, upon which words in a devise, without words of inheritance, will carry a fee, where such was the intent of the testator; and such will be construed to have been his intent, if he charge the devisee with a payment of money, which, if he had a life estate only, might render the gift a burden rather than a benefit. Baker v. Bridge, 12 Pick. 31. Jackson v. Merrill, 6 Johns. 192.

Demandant nonsuit.