Trustees of Putnam Free School *versus* Leonard Fisher.

In a suit, brought in the name of a corporation, the plea of general issue admits the existence of the corporation.

Where an estate is devised to executors *eo nomine,* in trust, the devise is made to the official, not to the individual persons, and the whole trust vests in those who accept the office and become executors of the will.

Where an estate is so devised, or where the executors have, by the will, a power to sell, coupled with an interest in trust, a conveyance by survivors or by those who alone accept the trust, will be good.

By a devise to the executor, of the testator's property, real and personal, in trust, for the purpose of creating a cash fund, he takes in the real estate a fee in trust. But if he did not take the fee, he would still have an implied power to execute the trust.

A conveyance by a devisee under a foreign will, made before the will is filed and recorded in this State, is nevertheless good, as his title commences upon the death of the testator.

Writ of entry. The demandants proved title in Oliver

Putnam, in the year 1820 ; also an authenticated copy of his will, allowed in Massachusetts, in 1826, and also recorded in the Probate Court of the county in 1844 ; by which Caleb Cushing and two other persons were appointed executors, and devising to them large real and personal estates in trust. Cushing alone accepted the appointment.

The character of the trust is given in the opinion of the Court.

The demandants then introduced a deed to themselves of the premises, from Cushing, as executor, and offered to prove an entry on the premises, under the deed in 1843. Whereupon, the Judge ordered a nonsuit, to which the demandants excepted.

*Granger* and *Dyer*, for demandants.

*T. J. D. Fuller*, for tenant.

Cushing's deed of 1841, did not convey Putnam's title, for Putnam's will had not been probated in this county, and was not, until 1844.

It was a quitclaim merely. The probate could not have a retrospective effect. It should have preceded the conveyance. Plaintiffs show no confirmation deed.

But Cushing's deed is inoperative, on other grounds.

The testator appointed three executors and then devised to them, and not to one of them, the residue of his estate in trust.

No express power is given to the executors, to sell the real estate. The power to sell is an implied one, if at all.

The will made no provision for the death, refusal to act, or incapacity of any one, or all, of the executors ; no survivorship was created; yet, a very important trust, was committed to them, and one that would require a long time to execute it.

The creation of powers depends on the intention of the parties, and they are to be construed in reference to that intention.

The testator did not intend to rest the fee in his executors, but simply to confer a power of sale. No words of *inherit-*

*ance* or *succession*, are introduced, not even a life estate was given.

The executors should have given two separate bonds, one in the character of executors, and the other in the character of trustees. And among trustees there could be no survivorship and consequently one alone could not convey a title. 17 Maine, 137; *Massachusetts Hospital* v. *Amory*, 12 Pick. 445.

1. The trustees had but a naked power, not coupled with an interest. *Ramsdell* v. *Ramsdell*, 21 Maine, 21.

2. All three should have joined in the deed.

3. The sale should have been decreed, by the Judge of Probate, in furtherance of the trust. R. S. chap. 111, sect. 3, 4, 6, 7, 8, 9 and 12.

The trust attached to the estate, and the court of probate of this county, under the 12th sect. of chap. 111, could have enforced the trust and decreed the sale or conveyance. 12 Pick. 445.

If the executors had all died, before the execution of the trust, the fee would have vested, not in their heirs, but in the heirs of Putnam.

The persons named as executors, took under the *will*, in the double capacity of *executors* and *trustees*. As trustees, they either took, as joint tenants in fee, or a joint, naked *trust or power* to sell, and in either case, all should have joined in the conveyance, if they wished to act under the will independent of any aid of our statute.

This is a case therefore of one acting, not under a defective power, but without any power.

A stranger may well take advantage of this. *Jackson* v. *Sinclair*, 8 Cowen, 543.

In support of our positions we cite, Williams' Ex. 2d vol. chap. 2d. pt. 3d; Kent's Com. vol. 4, chap. 61; 1 Caines' Cases in Error, 16; *Franklin* v. *Osgood*, 14 Johns. 560; 6 Johns. 39; Co. Litt. a. sec. 169, and Hargrave's note; 3 D. & E. 595; 2d Dessaussure, 250, and note; 3 Bibb. 349; 2 Metc. 243.

SHEPLEY, C. J. — This writ of entry demands the northerly half of lot numbered seven, in the fourth range of lots in the town of Charlotte. The general issue was pleaded, which admitted the existence of the corporation. *Savage Man. Co.* v. *Armstrong*, 17 Maine, 34.

Oliver Putnam, deceased, appears to have been in possession of the lot by virtue of a judgment and writ of *habere facias* issued thereon in April, 1820. By his will executed on July 11, 1825, and approved by the court of probate for the county of Suffolk, and Commonwealth of Massachusetts, on August 14, 1826, Edward S. Rand, Aaron Baldwin, and Caleb Cushing were appointed executors. The two former declined the execution of the trust, in writing, and letters testamentary were granted to the latter.

Following several specific bequests and devises, the will contains this clause : — " To the said executors, I bequeath and devise in trust the residue of my property real and personal to accumulate by the addition of the interest or income as received to the principal, till my nephews arrive at age, and then to be disposed of as follows." The executors are then directed to pay his nephews, when they shall respectively arrive at twenty-one years of age certain specified sums of money. Then follows this clause : — " The residue of my property, I give and bequeath for the establishment of a free English school in Newburyport for the instruction of youth, wherever they may belong. If at the final payment of the foregoing legacies it should amount to fifty thousand dollars, the executors will then pay it over as hereafter provided, but if not, they will retain it to accumulate, until it amounts to that sum, and then pay it over to trustees, for that purpose, to be appointed by the selectmen of Newburyport."

1. When an estate, as in this will, is devised to executors *eo nominee* in trust, the devise is made to the official, not to the individual persons, and the whole trust vests in those who accept it and become executors of the will. *Townson* v. *Ticknell*, 3 B. & A. 31 ; *Stacey* v. *Elph*, 1 Myl. & Keene, 195; *Knight* v. *Gould*, 2 *ib*. 295.

2. When an estate is so devised, or when the executors have by the will a power to sell, coupled with an interest in trust, a conveyance by survivors, or by those who alone accept the trust, will be good. Co. Litt. 113, and note 146 by Hargrave ; *Bonifant* v. *Greenfield*, Cro. Eliz. 80 ; *Zeback* v. *Smith*, 3 Binn. 69 ; *Taylor* v. *Galloway*, 1 Ham. 232 ; *Sharp* v. *Pratt*, 15 Wend. 610 ; *Leavens* v. *Butler*, 8 Port. 38.

A doubt has been expressed respecting the authority of the case of *Bonifant* v. *Greenfield*, but it was noticed with approbation in the case of *Townson* v. *Tickell*.

3. By the " devise in trust of the residue of my property real and personal" the executor took in the real estate a fee in trust. *Josselyn* v. *Hutchinson*, 21 Maine, 339 ; *Godfrey* v. *Humphrey*, 18 Pick. 537 ; *Kellogg* v. *Blain*, 6 Metc. 322 ; *Jackson* v. *Merrill*, 6 Johns. 185 ; *Fox* v. *Phelps*, 17 Wend. 393 ; *Morrison* v. *Semple*, 6 Binn. 94.

4. If the will could receive such a construction, that the real estate would not be devised to the executor, who accepted the trust, in fee, he would be authorized by the will to se'l it, because he could not execute the will without converting the estate into money, and in such case the power to sell is necessarily implied. *Going* v. *Emery*, 16 Pick. 107 ; *Morton* v. *Barrett*, 22 Maine, 257.

The executor was required to pay the legacies in money. And when the residue amounted to fifty thousand dollars, to " pay it over to trustees." He could not ascertain its true amount or pay it over, until the whole estate had been converted into money.

5. Caleb Cushing, as executor, made a conveyance to the trustees of the lot demanded, on November 27, 1841. A copy of the will and probate thereof was not allowed, filed and recorded in any court of probate in this State until Oct. 1, 1844. The conveyance was nevertheless valid as made by Cushing.

It is objected, that the devisee could make no valid conveyance of real estate situated in this State, before the will had been allowed and recorded within the State. The answer is,

that when a foreign will has been allowed, filed and recorded within the State, the title of the devisee commences upon the death of the testator.

The former statute, chap. 51, § 17, provided that a foreign will, when allowed, filed and recorded, being presented by a copy of the will and of the probate thereof, " shall be of the same force and effect as the filing and recording of an original will proved and allowed in the same court of probate." Upon a revision of the statutes, chap. 106, § 16, the language used was, " and the will shall then have the same force and effect, as if it had been originally proved and allowed in the same court in the usual manner." Although there is a slight difference in the language, which declares the effect, it is obvious, that the construction must be the same.

Its legal effect was determined in the case of *Spring* v. *Parkman*, 3 Fairf. 127. The conveyance in that case was made by an executrix, who was devisee of the residue of the real and personal estate, and was clothed with an express authority to sell, on July 4, 1827. The will was filed by copy and allowed in this State on March 21, 1828. The decision was, that her title had relation back to the decease of the testator, and that the conveyance made by her, before the will was allowed in this State, was effectual.

The corporation appears to have exhibited proof of a *prima facie* title to the premises demanded.

<div style="text-align:right">

*Exceptions sustained,*
*and new trial granted.*