PETITION OF WILLIAM M. BAILEY, Junior, *et al.*, for an Opinion
of the Court.

When a power, coupled with a trust, is given to two or more persons to be executed by
them jointly, and one renounces, the other or others may execute the power as if origi-
nally given only to them, that the trust may not fail nor suffer delay.

A. by will devised and bequeathed his estate to B. and C. in trust, to sell, to invest the pro-
ceeds, and to use the income for his daughters during their lives, with remainder over.
In case of the death, refusal, or inability of one of the trustees, the testator desired the
other to fill the vacancy. One of the trustees refused the trust; the other did not make
an appointment in his stead, but alone made sales and gave deeds of the devised realty.
*Held*, that the sales and deeds so made and given by the one trustee were valid.

*Held,* further, that such sales and deeds were valid whether the estate devised to the trustees was a joint tenancy, or, under Pub. Laws R. I., Dig. of 1844, p. 197, § 16; Pub. Stat. R. I. cap. 172, § 1, a tenancy in common.

CASE STATED for an opinion of the court, under Pub. Stat. R. I. cap. 192, § 23, as follows: —

" William E. Greene, being an inhabitant of North Providence, in said county, died September 19, 1851, leaving a last will and testament, of which the following is a true copy :

" I, William E. Greene, of the town of North Providence, in the county of Providence and State of Rhode Island, being sick in body, but of a sound and disposing mind and memory, do make and publish this my last will and testament, as follows :

" *First.* I desire that all my just debts shall be paid by my executor as soon as convenient after my decease.

" *Second.* I give, devise, and bequeath all the rest and residue and remainder of my estate, both real and personal, to Richard J. Arnold and Zachariah Allen, Esquires, of the city of Providence, their heirs, executors, administrators, and assigns forever, in trust, for the uses and purposes following, to wit :

" My will is, that the said trustees shall, whenever and as soon as a sale can be judiciously made, in their discretion, sell and dispose of the real estate belonging to me in the town of North Providence aforesaid, and being the farm whereon I now reside, and being the same estate purchased by me from Richard J. Arnold and Tristam Burgess, Esquires (excepting therefrom the burying place where my late wife lies buried, and containing about one quarter of an acre, bounding on the Chalkstone road), and that they invest the proceeds thereof in the stock of banks in the State of Rhode Island, or in notes secured by mortgages on real estate. I further direct my said trustees to sell and dispose of all other property belonging to me, and not disposed of by this will, as soon as practicable after my decease, and invest the proceeds thereof in the manner prescribed with reference to the proceeds of my real estate, and the income arising from all my property I desire the said trustees to collect and receive and appropriate the same as follows :

" *First.* To the support and education of my two younger daughters, Sarah L. G. Greene and Martha Ann Greene, until

they shall severally arrive at the age of seventeen years, or shall be married; the amount to be expended for each to be at the discretion of the said trustees.

"*Second.* I desire that the balance of the income as aforesaid shall be paid over by my said trustees to my two elder daughters, Nancy G. and Abby F. Greene, in such sums as my said trustees shall consider expedient, until my two younger daughters shall each have arrived at the age of seventeen years, or have been married.

"*Thirdly.* After my daughters shall have all reached the age of seventeen years, or have been married, I desire that my said trustees shall divide the income of my said property as aforesaid equally among all my children, or, in case of the death of any of my children leaving children, I desire that the share of the deceased child shall be equally divided among her children.

"After the death of all my daughters, I desire my said trustees to transfer to the legal representatives of my said daughters, in the proportion to which they would be severally entitled by law, all my property and estate, to be held and enjoyed by them forever.

"I give and bequeath to my eldest daughter, Nancy G. Greene, the large looking-glass hanging in the front room down stairs, and my writing-desk with drawers, for her own use forever.

"I give and bequeath to my youngest daughter, Martha Ann Greene, six silver teaspoons, marked with the name of 'Charlotte Bradley,' for her own use.

"I give and bequeath to my three eldest daughters the three large silver spoons marked 'A. G.,' to each one, for their own use.

"I further desire my said trustees to change the investment of my said property from time to time, as they may judge expedient, but not to sell any of the bank stock now possessed by me, unless they judge it expedient so to do. In case of the death, resignation, refusal, or inability to act of either of said trustees, I desire the vacancy to be filled by the other trustee; and in case of the death, resignation, refusal, or inability to act on the part of both of said trustees, I desire the Court of Probate of the town of North Providence for the time being to fill said vacancy.

"I hereby constitute and appoint the aforesaid Richard J. Arnold and Zachariah Allen, Esquires, to be executors of this my last will and testament.

" In witness whereof I have hereunto set my hand and seal, this twelfth day of September, in the year of our Lord One Thousand Eight Hundred and Fifty One (A. D. 1851), hereby revoking all other wills by me made.

" Signed and sealed and published          WILLIAM E. GREENE.
and declared by the said William
E. Greene to be his last will and
testament, in our presence and in
the presence of each other, at his
request: witnessed by us in his
presence.

" FRANCIS E. HOPPIN,
" PHEBE A. WEAVER,
" EDWIN H. WOOD.

" The said will was duly admitted to probate in said North Providence on the Eleventh day of October, A. D. 1851. The said William E. Greene at his decease was seized and possessed in fee simple of a tract of land on which said testator resided, situate on the northerly side of Chalkstone Avenue in said Providence, then in said town of North Providence, containing about thirteen acres, which, by mesne conveyances under the deed from Richard J. Arnold, executor, hereinafter mentioned, is now owned by said William M. Bailey, Jun., trustee of Harriet B. Bailey, wife of William M. Bailey, and by Thomas Brown, as claimed by them. Although Richard J. Arnold and Zachariah Allen were by said will named as executors and trustees thereunder, the said Richard J. Arnold alone accepted the trust as executor of said will, and qualified as such, and alone accepted the trusts as trustee thereunder. He did not obtain any license from the Court of Probate, North Providence, to sell the parcel of real estate in question, but did convey said tract of about thirteen acres to said William M. Bailey by a deed, of which the following is a true copy : —

" PROVIDENCE, *Sept.* 12*th*, 1852.

" To all persons to whom these presents shall come, I, Richard J. Arnold, of the city and county of Providence and State of Rhode Island, acting Executor of the last will and testament of William E. Greene, late of the town of North Providence, in said county, send greeting:

"Whereas the said William E. Greene, in order to enable his executors fully to carry out his intentions, did, in and by his said last will and testament, authorize and empower his said executors, at such time as they should deem proper, to make sale of the real estate of him, the said William E. Greene, situate in said town of North Providence : Now, therefore, Know Ye, that by virtue of the authority to me given by the said William E. Greene in and by his said last will and testament, I, the said R. J. Arnold, acting executor as aforesaid, in consideration of the sum of seventeen hundred and thirty dollars to me in hand paid by William M. Bailey of North Providence, the receipt whereof is hereby acknowledged, have given, granted, bargained, sold and conveyed, and by these presents do give, grant, bargain, sell, and convey, unto the said William M. Bailey, his heirs and assigns, the following described parcel of real estate which was the property of the said William E. Greene, situated in said town of North Providence, and bounded and described as followed : Bounded on the south by Chalkstone road; on the east by Farm No. 1 sold to the Owens, the division line being the middle of the road that divides the two farms laid down on said plat; on the north and northwest by Farm No. 3, also sold the Owens this day ; and on the west by the Brown Farm, so called. The road mentioned above as dividing the two farms, No. 1 and 2, is thirty-three feet wide, and is to be owned in common by the proprietors of all the farms on said Greene plat, and by them to be maintained. The farm now sold said Bailey is Farm No. 2 on the plat of the estate made by Cushing & Farnum in 1852 under the direction of the said executors, and contains thirteen acres 60–100, more or less, with all the improvements thereon standing. To have and to hold the aforegranted premises to him the said Bailey, his heirs and assigns, to their use, benefit, and behoof forever. And I, the said Richard J. Arnold, do hereby covenant to and with the said Bailey, his heirs and assigns, that I am lawfully the executor of the last will and testament of the said William E. Greene ; and that I have not made or suffered any incumbrance on the hereby granted premises since my appointment as executor as aforesaid ; and that I have acted in all respects in making this conveyance in pursuance of the authority granted to me in and by the said last will and testament of the said William E. Greene.

" In testimony whereof I have hereunto set my hand and seal this twelfth day of September, A. D. 1852.

" Signed, sealed, and de-    R. J. ARNOLD, Executor.   [L. S.]

  livered in presence of

  " R. J. ARNOLD, Jr.

  " A. S. GALLUP.

" PROVIDENCE, SC.   In the city of Providence, this 28 day of September, A. D. 1852, then personally appeared Richard J. Arnold, and acknowledged the foregoing instrument, by him signed in his capacity as executor of William E. Greene, to be his free act and deed in his said capacity.   Before me,

" T. A. JENCKES,

" <em>Justice of the Peace.</em>"

" The said Zachariah Allen did not accept the trust as trustee under said will, nor did he exercise any power nor do any act thereunder.   On the twenty-seventh day of June, A. D. 1868, he made affidavit that he had always refused to act as trustee under said will, which affidavit is recorded in the Probate Records of said North Providence, in vol. 12, at page 31; and that said Arnold did not appoint any trustee in the stead of said Allen prior to making said deed.

" It is further agreed that the proceeds of said sale were duly applied under the provisions of said will, and that the parties interested thereunder have duly received the income thereof; and that no objection has been raised by any party interested under said will as to said sale and deed until these questions were raised by one Goff, an intending purchaser of said parcel of land from Bailey, Jun., trustee, and Brown.

" And these petitioners, differing as to the true construction of said will, and of the power of said Richard J. Arnold to convey the said estate, either as executor or as sole trustee, the said Goff claiming that said executor had no power to sell and convey the same as executor of said will; and that if said Richard J. Arnold did by virtue of said will convey said estate, he had no power so to do, inasmuch as the discretionary power to sell said estate given to said Arnold and Allen by said will did not pass to said Arnold upon said Allen refusing to act as trustee under said will and could not be exercised by said Arnold alone.

" And said William M. Bailey, Jun., trustee as aforesaid, William M. and Harriet B. Bailey, and said Thomas Brown claim that, taking all the parts of said deed together, considered with reference to said will and in view of the declination of Zachariah Allen, and especially after this lapse of time, that their title. to said parcel so sold as aforesaid is salable, and such a title as a court of equity, on a bill for specific performance, would compel a purchaser to take.

" The said parties therefore request the opinion of the Honorable Court as to:

" *First.*   Whether the aforesaid deed from Richard J. Arnold, executor to William M. Bailey, did convey a good title to the land described therein.

" *Secondly.*   Whether said title of said Bailey, Jun., trustee, and Brown, is a salable title, in view of all the circumstances hereinbefore set forth.

" W. M. BAILEY, Jun., Trustee.

" W. M. BAILEY,

" HARRIET B. BAILEY,

" THOMAS BROWN,

" DAVID F. GOFF."

The Public Laws of Rhode Island, Digest of 1844, p. 197, § 16, provide : see, also, Pub. Stat. R. I. cap. 172, § 1:

" All gifts, grants, feoffments, devises, and other conveyances of any lands, tenements, and hereditaments which shall be made to two or more persons, whether they be husband and wife or otherwise, and whether for years, for life, in tail, or in fee, shall be taken, deemed, and adjudged to be estates in common and not in joint tenancy, unless it is or shall be therein expressly said that the grantees, feoffees, or devisees shall have or hold the same lands, tenements, or hereditaments as joint tenants or in joint tenancy, or to them and the survivors or survivor of them, or unless other words be therein used clearly and manifestly showing it to be the intention of the parties to such gifts, grants, feoffments, devises, or other conveyances, that such lands, tenements, and hereditaments shall vest and be holden as joint estates and not as estates in common."

*Joseph C. Ely*, for Baileys and Brown.

The disclaimer of Allen was sufficient. Perry on Trusts, § 270. And on his disclaimer the whole estate vested in Richard J. Arnold as sole trustee. Perry on Trusts, § 273. When two or more persons are appointed trustees, and all of them except one renounce, the trust may be executed by that one, even when a power is given to sell at such time as may be fixed by the discretion of the trustees, if such sale is imperatively required by the terms of the will. *Cooke* v. *Crawford,* 13 Simons, 91; *Adams* v. *Taunton,* 5 Madd. 435; *Bradford* v. *Monks,* 132 Mass. 405; *Saunders* v. *Schmœlzle,* 49 Cal. 59; *Druid Park Heights Co.* v. *Oettinger,* 53 Md. 46; *Desaussure* v. *Lyons,* 9 S. Car 492. Story Eq. Juris. § 1061; Perry on Trusts, § 499–514.

Arnold's description of himself as executor is only a defect in form. See, also, his covenants. He would be estopped as trustee. Story Eq. Juris. §§ 95, 170, 172, 173; 1062 *a,* note 2; Perry on Trusts, § 511 *c*; *Campbell* v. *Johnson,* 65 Mo. 439; *Warner* v. *Connecticut Mut. Life. Ins. Co.* 109 U. S. 357.

A deed from said Arnold as sole acting trustee was good though the will contained authority to fill a vacancy in the number of the trustees, as this was not imperatively required by said will. *Golder* v. *Bressler,* 105 Ill. 419; Perry on Trusts, § 414; *In re Morton & Hallet,* L. R. 15 Ch. Div. 143.

Whether the legal estate survives or not, the power to sell will survive, because coupled with an interest and needful to carry out the will. *Tillinghast, Receiver,* v. *Champlin,* 4 R. I. 173; *Peter* v. *Beverly,* 10 Pet. 532; *Taylor et al* v. *Benham,* 5 How. U. S. 233; *Osgood* v. *Franklin,* 2 Johns. Ch. 1; *Colsten's Heirs* v. *Chaudet,* 4 Bush, 666; *Williams* v. *Otey,* 8 Humph. 583.

*Joseph E. Spink,* for Goff. The will did not empower the executor to sell the same for any purpose, and the executor was not authorized by the Court of Probate of North Providence to sell the land in question.

It will be observed that this deed purports to be the deed of Richard J. Arnold, executor, and not the deed of Richard J. Arnold, trustee.

From the language of the will, it appears that the testator intended that the powers created by said will should be exercised by the two trustees and not by a single trustee.

The discretionary power of sale and investment given to the two trustees could not be exercised by the surviving or remaining trustee.    *Bailey* v. *Burges*, 10 R. I. 422, and the cases there cited.

The counsel also elaborately argued the applicability of the above statute to trust conveyances.    This argument is omitted, as the court did not pass upon the question.

*June* 26, 1885.    DURFEE, C. J.    We do not find it necessary to decide whether our statute extends to devises and conveyances in trust or not, for, assuming that it does, and that the devise to Arnold and Allen must be construed as a devise to them as tenants in common, and that consequently Arnold acquired title to only an undivided half of the real estate devised, we are nevertheless of the opinion that Arnold, on disclaimer by Allen, had power to sell the entire estate, and that his deed to Bailey therefore vested in Bailey the entire estate in the land described in it.    The reason which has led us to this conclusion is that the power to sell which is given by the will to Arnold and Allen was not a mere power to be exercised or not at their pleasure or discretion, but a positive direction, a duty imposed on them to convert the land into money for use and investment in a manner which is plainly declared for the benefit of the *cestuis que trustent*, a duty so distinct, so obligatory, so imperative, that if it had been neglected the *cestuis que trustent* could have resorted to this court in equity to enforce its execution.    In other words, the power is of that class of powers which are denominated powers coupled with a trust ; and we think that where such a power is given to two or more to be executed by them jointly, if one renounces, the other or others will take the power as if it were originally given only to them, to the end that the trust may not fail of execution, or suffer detriment or delay.    *Houell* v. *Barnes*, Cro. Car. 382; *Lessee of Zebach* v. *Smith*, 3 Binn. 69 ; *Osgood* v. *Franklin*, 2 Johns. Ch. 1 ; *Franklin* v. *Osgood*, 14 Johns. Rep. 527 ; *Jackson dem. Hunt* v. *Ferris*, 15 Johns. Rep. 346 ; *Peter* v. *Beverley*, 10 Pet. 532 ; *Putnam Free School* v. *Fisher*, 30 Me. 523.    A review of some of these cases will set the doctrine in a clearer light.

*Houell* v. *Barnes* was a question out of chancery propounded to the common law judges.    "The case was," says the report, "one

Francis Barnes, seized of land in fee, deviseth it to his wife for her life, and afterwards orders the same to be sold by his executors hereunder named, and the money thereof coming to be divided amongst his nephews ; and of the said will made William Clerk and Robert Chefly his executors.  William Clerk dies ; the wife is yet alive.  Two questions were made : *First.* Whether the said William Clerk and Robert Chefly had an interest by this devise or but an authority : *Secondly.* Whether the surviving executor hath any authority to sell." The judges all resolved " that they have not any interest, but only an authority, and that the surviving executor, notwithstanding the death of his companion, may sell." And so the judges certified their opinions.  The questions were answered without reasons, but if the judges had given their reasons they probably would have said that the power survived, not because it was coupled with a trust, but because it was official, not merely personal, and therefore followed the office to the surviving executor, being essential to the performance of a duty imposed upon the executors as such for the purpose of carrying the will into effect.  The meaning, however, would have been essentially the same as if they had used the language of the chancery courts, and said that the power survived because it was a power coupled with a trust.  The case is quoted in *Osgood* v. *Franklin,* 2 Johns. Ch. 1, in support of the doctrine that a power given to two or more goes to the survivor when coupled with a trust.  See, also, *Lessee of Zebach* v. *Smith,* which is very similar to *Houell* v. *Barnes.*

In *Osgood* v. *Franklin,* 2 Johns. Ch. 1, the power was given by a will which appointed the wife of the testator and his three brothers executors.  The power was given in these words, to wit : " I give to my executors that may act, and to the major part of them, their heirs or executors, full power to sell any or all my real estate not already devised." The will gave the residuary estate to eight persons, four of whom were the four persons appointed executors, one eighth to each.  This devise was coupled with the following direction, to wit : " I order that the money or effects be distributed and divided from time to time, as it can be raised from my debts and estate by my executors, hereafter named." One of the brothers declined to act ; the other two accepted the appoint-

ment and acted until they died. After their death the widow qualified. The principal question in the case was whether she had power under the will to sell the real estate. Chancellor Kent decided that the executors were charged with a trust, relative to the estate, depending on the power to sell, and that the power, therefore, survived. " The intention of the testator," he remarked, " is much regarded in the construction of these powers, and they are construed with greater or less latitude in reference to that intent." The case was carried to the Court of Errors and there affirmed, the court holding that where the provisions of a will evince a design in the testator that at all events the lands are to be sold, in order to satisfy the whole intent of the will, then the power survives.

In *Peter* v. *Beverly*, 10 Pet. 532, David Peter left a will in which he appointed his wife, his brother George Peter, and his wife's brother Leonard H. Johns, executors, and provided that portions of his real estate should be sold for the payment of his debts. All the executors qualified. The widow and the brother entered upon the execution of the will, and subsequently died leaving debts still unpaid. The question was whether under the will George Peter, as surviving executor, could sell the real estate for the payment of the debts. The court decided that he could, the power being coupled with a trust. The court say : " When power is given to executors to be executed in their official capacity, and there are no words in the will warranting the conclusion that the testator intended, for safety or for some other object, a joint execution of the power, as the office survives, the power ought also to to be construed as surviving ; and courts of equity will lend their aid to uphold the power for the purpose of carrying into execution the intention of the testator, and preventing the consequences that might result from an extinction of the power ; and where there is a trust charged upon the executors in the direction given them in the disposition of the proceeds, it is the settled doctrine of courts of chancery that the trust does not become extinct by the death of one of the trustees."

In the cases above cited, the power was given to the donees as executors. In the case at bar the power was given to Arnold and Allen as trustees. The difference is not material; for in equity

executors are regarded as trustees in so far as they are invested with dominion over the testate estate for the benefit of others, and, independently of any statute, the reasons for the continuance or survival of the power are as strong in favor of trustees as of executors. It will be observed that the courts in the cases cited build largely upon the presumed intent of the testator, and argue that the testator must have intended to have the power continue to exist without interruption, so long as any or either of the donees of the power continued to exist to exercise it, because it was through the exercise of it that he contemplated having his will carried into effect. The argument from presumed intent is very cogent in the case at bar. Evidently the testator here meant to have the real estate sold at all events, and to have the proceeds of the sale invested so as to yield an income to be applied by the trustees as directed for the benefit of his daughters. The power is given to the trustees jointly, even if the estate, under our statute, goes to them as tenants in common. And see *Randall* v. *Phillips et al.* 3 Mason, 378. It is true the testator expresses his desire, in case of the death, resignation, refusal, or inability to act of either of the trustees, that the vacancy shall be filled by the other trustee ; but the expression is not in our opinion equivalent to an absolute command, and we think therefore that it does not warrant any inference that the testator did not intend to have the power go to the sole accepting or surviving trustee, to be executed by him alone, if he should not think it expedient to appoint an associate. It will be noticed, moreover, the will makes no provision for vesting in the new trustee, if appointed, his proper portion of the estate ; and therefore, if it be supposed that the power did not go to the sole accepting trustee because the entire legal estate did not go to him, that is a defect which his appointment of a new trustee could not remedy. Clearly such a construction would defeat the intention of the testator. Under the will the *cestuis que trustent* were entitled to the benefit of the provision made for them immediately and without intermission. If, therefore, the acting trustee did not appoint a new trustee and could not execute the power without one, they would have had to come to this court to supply the execution. It seems to us that the better view is that the power survived because it was coupled with a trust.

We declare it to be our opinion that the deed of Richard J. Arnold to William M. Bailey did convey to said Bailey a good title to the land described therein.         *Decree accordingly.*