MRS. E. L. CORLEY *v.* M. M. BISHOP.

[58 South. 360.]

1. WILLS. *Testamentary trustee. Power of sale. "Proceeds."*

If a sale of the real estate is necessary to carry out the purpose of the testator, the power of the testamentary trustee to make the sale will be given by implication as otherwise the intention of the testator might be defeated.

2. SAME.

Where under the provisions of a will the duty was imposed upon a testamentary trustee to distribute the "proceeds" of real and personal property equally between the beneficiaries, from the use of the word "proceeds" the inference must be that a sale of the property was implied.

APPEAL from the chancery court of Smith county.
HON. SAM WHITMAN, JR., Chancellor.

Suit by Mrs. E. L. Corley against M. M. Bishop. From a decree for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Wills & Guthrie,* for appellant.

No brief of counsel for appellant found in the record.

*Deavours & Shands,* for appellee.

It is true that there is no express power given by the instrument to John Minor Hord and Mary Ann Hord to make a conveyance of this property; and such power, if it exists, must be implied from the terms of the instrument or it must be clear that such authority is necessary in order to effectuate the intention of the person making the devise.

It is a fundamental rule of law that in the construction of wills we must look to the intent of the testator; and in the administration of the property devised must manage it and dispose of it in accordance with the intent of the testator, if that can be discovered. We must put ourselves in the place of the party making the devise and discover, if we can, what he intended to do or what he would not do could life be given him for the moment to interpret his own act while living. See *Gordon* v. *McDougal,* 84 Miss. 721, citing especially *Watkins* v. *Sanden,* 20 Am. St. Rep. 205; *Murphy* v. *Carlin,* 35 Am. St. Rep. 701-2; *Morse* v. *Hackensack,* 12 L. R. A. 62.

The true intent and meaning of the testator can best be ascertained by the court by putting themselves in the place of the testator and by reading his will in the light of the environment that surrounded him at the time of its execution. *Hall* v. *Stevens,* 27 Am. Rep. (Mo.) 302; *Noe* v. *Kern,* 3 Am. St. Rep. 544; *Monroe* v. *Collins,* 95 Mo. 33. When that intent and meaning can be thus ascertained, then all else should be disregarded. (See above authorities.)

No particular form is necessary to create a trust or a power thereunder. *Schmuckers* v. *Reel,* 61 Mo. 598. The intent of the testator must govern in the construction of wills and will be given effect always when not against public policy, and not in contravention of law. *Dickison,* 138 Ill. 541, 32 Am. St. Rep. 163; *Green* v. *Green,* 21 Am. St. Rep. 743. And the whole instrument must be examined in order to ascertain the intent of the testator. *Watkins* v. *Sanden,* 93 Ky. 501; *Schlottman* v. *Hoffman,* 73 Miss. 199.

It is to be remembered that in order to carry out the intention of a testator, the terms used in the will are given a broader meaning than they would be given in other instruments. "In the construction of wills, words in general are to be understood in their plain and usual sense, in the absence of a manifest intention to the contrary." 29 Ency. (1 Ed.) 345. Many authorities are there cited.

Again, where a conveyance of property in trust is susceptible to two interpretations, the one should be adopted which will carry out the main purpose of the donor and best given effect to the scheme had in view by him. *Dexter* v. *Episcopal City Mission,* 134 Mass. 394. See also *Butler* v. *Moore,* 94 Ind. 359.

It is also fundamental that in giving construction to a will, a construction should be given thereto that is reasonable and sensible. It is to be presumed that a testator intended to do that which was best to be done if there is ambiguity and uncertainty about the meaning of the instrument. And, so, if a will be subject to two constructions or interpretations and one is sensible and advantageous and the other not so sensible and advantageous, the court will certainly adopt that construction and that interpretation which is the more sensible and the more advantageous of the two.

In our opinion, the word in the will under consideration that is the key with which all the mysteries of the instrument can be easily unlocked is "proceeds."

The word "proceeds," as the court will note appears in this instrument, presumptively, the word was used purposely and with a certain intention and design on the part of the testator. It must be conceded that the testatrix knew what she was doing when she executed this will; and that she understood the form and the effect of it and that she used the words embraced in the will including this word "proceeds" advisedly and with a fixed and certain purpose in her mind. It is to be noted also that the word "proceeds" has reference both to the personal property and to the real property of the testatrix; this is apparent because, after the use of the words "all my property, both personal and real," she uses the words "proceeds of said property," showing thereby beyond the suggestion of any doubt that the term "proceeds" is used in reference to the land exactly as it is used in reference to the personal property.

Now, what does the word "proceeds" mean?

Webster defines it as the returns; the eclectic dictionary defines it as the produce or amount proceeding or accruing from some possession. To be more specific, the amount, sum or value realized by the sale of goods, etc. Again it is defined as, "that which arises from a thing; that which arises from anything sold, bartered or exchanged, or anything proceeding from or produced by another thing; the amount proceeding or accruing from some possession or transaction, especially the sum derived from the sale of goods, etc." *Phelps* v. *Harris*, 101 U. S. 370-380, 32 Cyc. —; *Armour Packing Company* v. *London*, 31 S. E. 500; *Allen* v. *Barnes*, 5 Utah, 100; see especially *Hallman* v. *Tigges*, 7 Atl. 347 and 348, 42 N. J. Eq. (15 Stew.) 130.

The only reasonable construction that can be placed upon this instrument containing as it does this word "proceeds" is that the testatrix intended for John Minor Hord and Mary Ann Hord to have the power and to have the authority to dispose of the land.

Argued orally by *Thomas J. Wills,* for appellant.

McLEAN, J., delivered the opinion of the court.

This is a bill, filed by appellant, for the purpose of removing clouds upon the title of complainant to certain real estate. The bill alleges that Mrs. Mary Ann Hord was the owner in fee of the real estate described in the bill; that she made a certain will, and the trustees named in the will sold the property devised. Further, that there was more than ample personal property to pay all personal debts and obligations, together with the funeral expenses, of the said testatrix, belonging to her said estate at the date of her death. The will is in the following words: "Know all men by these presents: That I do hereby give and bequeath unto John Minor Hord and Mary Ann Hord all my property both personal and real, for the use of Mary Elizabeth Leilea and Julia Emma Hord. The proceeds of said property to be equally divided after my personal expenses are met."

It may be stated as a general proposition that the power of sale will be implied, wherever duties are imposed on the trustee which cannot be performed without it. There is some conflict in the authorities on this proposition; but the weight, together with the better reason, sustains this proposition.

In *Livingston* v. *Murray,* 39 How. Prac. (N. Y.) 102, the law is thus stated: "The general rule is that, if a sale of the real estate is necessary to carry out the purposes of the testator, the power to make the sale will be given by implication, as otherwise the intention of the testator might be defeated. In those cases, it will be presumed that the testator, having in view the duty imposed upon the executors of his will, intended they should sell his real estate, and omitted, through mistake or otherwise, to confer express power." In *Gray* v. *Henderson,* 71 Pa. 368, *Myer's Appeal,* 62 Pa. 107, *Winston* v. *Jones,* 6 Ala. 550, *Putnam Free School* v. *Fisher,* 30 Me. 523, and *Belcher* v. *Belcher,* 38 N. J. Eq. 126, the proposition is stated that an implied power of sale is

given to the executor, where the testator blends the proceeds of both real and personal estate into one fund for the purposes of distribution or accumulation.

In *Winston* v. *Jones,* 6 Ala. 554, it is held that no precise form of words is necessary to the creation of a power, but if the intention to confer the power is apparent to enable the executor to execute the trusts of the will the power will be implied; and in 2 Perry on Trusts (Sec. 766) we find the rule stated to be that any words which show an intention to create a power of sale, or any form of instrument which imposes duties upon a trustee that he cannot perform without a sale, will necessarily create a power of sale in the trustee. See, also, extended notes to *Rankin* v. *Rankin,* 87 Am. Dec. 209, *et seq.*

While some authorities draw a distinction between the duties, rights, and powers of executors and of a mere naked trustee as to the payments of debts and distribution of the estate, yet the fact that the trustees in this case are not made executors we do not deem important. It may be that the testament did not impose upon the trustees the duty of meeting the personal expenses of the testatrix. This, however, is very doubtful; but it is certain that the duty was imposed to distribute the proceeds of the property equally between the beneficiaries. While the word "proceeds" is sometimes equivocal in its meaning, yet, when taken in connection with its context in this instrument, the inference must be that a sale was implied. Sometimes the word "proceeds" is construed to mean rents, issues, or income; but in the present instance we cannot understand how the proceeds of the property can be divided until after the property is converted into money by a sale. Such was the construction placed by the lower court upon this will; and the case is affirmed.                    *Affirmed.*