Opinion of the court, by
Judge Burnet :
This appears to be an amicable suit for the purpose of obtaining a construction of the last will and testament oí John Decker, as a-guide to the parties in settling the estates which they severally represent.
The question presented is, in some respects, a novel one, and it is not easy to determine with certainty to what class of cases it-properly belongs; whether to that which would make the legacies a charge on the land, or to that which makes them a charge on the person, or to the third, which considers them as a charge on the person in respect to *the land. If they are chargeable on the person, it must be because the testator has devised an estate; for when the devise is of a life estate the’charge is on the land, and not on the person, for an obvious reason, because the estate might terminate before the devisee derived the least benefit from it, and it certainly must terminate with his life. The consequence is, that the value or quantum of the estate, which is the. consideration of the responsibility of the devisee, is to be taken into the account, as one of the guides by which the rules of construction are to be applied.
*156 A devise of the fee has been considered as sufficient to show an intention in the testator to create a personal charge, while a devisa of any inferior interest, as an estate for life, is taken to indicate an intention to charge the land, and not the person of the devisee.
In construing wills, it is an universal rule that they are to be expounded favorably, and according to the intention of the devisor. When his intention can be ascertained, it shall prevail, however defectively it may be expressed.
In the will before us, John Docker does not declare, in terms, whether his son Jacob, on accepting the devise, shall become liable to the payment of the legacies, as a personal charge, or not. It is true, that in consideration of the devise, he requires him to pay the legacies to his brothers and sisters, and if we were confined to this part of the instrument, in ascertaining the will of the testator, we should be apt to conclude that the legacies were a charge on the person. The language is sufficiently strong and explicit, to sustain that interpretation ; but the whole instrument must be examined. One part may explain another, and it is from the operation of the whole that the parts are to receive a construction. On looking into the will, then, we find that these legacies are made payable by installments, and become due at different and remote periods. The testator does not profess to give Jacob a certain unqualified fee in the land ; but on the event of his death, without issue, the whole estate is limited over, in fee, to his brothers and sisters, including the legatees, to be equally divided between them. The land devised, is estimated in the will at eight thousand three hundred and fifty dollars. The legacies to be paid, nominally, exceed that sum, but are subject to a deduction of certain payments, made to the legatees, by *the testator in his life, which are not stated. It is, however, understood, that the difference between the value of the devise, and the sums to be paid, was the estimated proportion of the estate, intended for the devisee, so that if he had received a fee simple in the land, and had paid the legacies, he would have realized nothing more than his proper share of his father’s property. By the estimate of the devisor, the fee of the land, was a fair consideration for the sums to be paid by the devisee; and his liability to pay, was founded, and should depend, on the fact of his receiving such an estate. In 1823, Jacob Decker died, leaving a widow, but without issue, having paid all the legacies that had become due, previous to his death, at which time^ *157 the land by the limitation in the will, passed to his brothers and’ sisters, including the legatees.
This is a concise view of the substance of the will, and of the ■ situation of the parties, and on these facts the question arises, whether the separate estate of Jacob Decker, shall be held liable to ■ pay the residue of the legacies, or whether they attach to and follow the land.
We are bound to admit, that the devise to Jacob, was intended for his benefit, and the will must receive such a construction as will not interfere with that intention. This rule precludes the inference of the defendant’s counsel, that the testator intended to secure two things: first, that Jacob should pay the legacies; and secondly, that the estate should be limited over to his other children. On this supposition, the devise was not only not beneficial, but would operate unjustly and iniquitously. It would in fact, be a devise by the father, of the separate estate of the son, to the amount of the legacies. Jacob would pay the legacies of his father, while, by the provisions of the will, they were enjoying in fee the estate out of which the payments were to be made, and which was to him the consideration of his liability to pay. This would be the result • of the construction which the defendants give to the will, in opposition to the admitted principle that any construction is to be rejected by which the devisee would be injured, and not benefited by the devise. On this ground it has been held that if land be devised to a person on his paying, or, so that he pay, or, on condition of his paying a sum of money, without words of *perpetuity, he shall not be considered as taking a life estate merely, but an estate in fee, because a life estate might determine, before the profits of the land amounted to the sum paid, in which case, the devise would be injurious to the devisee. 6 Johns. 192. On the other hand, it is held that if the payment be expressly charged on the land, the devisee shall take a life estate, because in that case he can in no event sustain a loss. Now, by the application of the same rule, and by a parity of reasoning, the payment of these legacies can not be considered at this time as a charge on Jacob personally, because it is settled that he took by the will only an estate for life, and by holding him liable to pay the legacies, which amount, probably to seven-eighths of the value of the land, he would be greatly injured by the devise.
The estate which Jacob took by the will, does not depend on. *158 ■construction. The limitation over, is express and positive, admitting of no doubt. The only ground, therefore, for construction, Uhat can be occupied by the court, to give effect to the intention of the testator, is that which relates to the payment of the money, and the nature of the charge which it creates. The testator does not declare it to be personal, and the defendants claim it to be such, altogether on grounds of construction, but in violation of the rule we have just noticed.
So long as there was a possibility that the devisee could derive from the will an estate in fee, he continued to pay the legacies in good faith, to an amount far exceeding the value of any advantage he can have received from the temporary occupation of the land. On the ground, then, that the devise was intended for his benefit, his estate ought not to. be further responsible.
It appears to me to follow as a consequence, from this doctrine, that wherever the question whether a legacy to be paid by a.devisee is a personal charge or not, is not expressly settled by the words of the will, but depends on construction; a personal charge ■can not be inferred, unless the operation of the will be such as to secure to the devisee the advantage which is the consideration of such a charge, which, in this case, is a fee simple in the land devised. The question then arises, has Jacob Decker derived such an ^estate from his fatáer’s will ? The defendants do not pretend that he has. Under the limitation of the will, his estate terminated with his life, and from the moment that fact was ascertained, the legacies ought not to be considered as a personal charge, whatever might have been the construction, while the possibility of a fee was compatible with the limitations of the will. That possibility now has ceased. The operation of the will has been to give Jacob .a life estate only, and the responsibility of his representatives should be that'which is created by such an estate.
As the intention of the testator is the polar star by which we are to be guided, it may not be amiss to remark here, that it is impossible to examine this will without coming to the conclusion that the testator intended to secure to Jacob, at least, an equal share of his estate, with his other children; but such an intention is wholly inconsistent with the construction claimed by the defendants, as we have already seen.
But aside from these considerations, it appears to me that the intention and will of John Decker may be collected from the *159 •language of the limitation, which provides that if Jacob should die without issue, the estate, “after the rest may have their legacies, shall revert back to the rest of my children, and their heirs, to be equally divided among them.” That is, if Jacob shall die without issue, the estate shall go to the rest of the children, after such of them, as are entitled to legacies, unpaid, shall have received their legacies. Now, if it was intended that Jacob should pay the legacies in any event, the payment, after his death, would not have been made a condition of the limitation. The estate would have passed immediately, and without condition, to the other children ; but they are to take it after the paj^ment ot the legacies is complete. They must take it, therefore, cum onere, or not at all. A devise made to a person, and his heirs, after paying a sum of money, implies a payment by the devisee, and the ■money to be paid, is a charge on the thing devised. Now, in this case, the limitation over is to the rest of his children, moaning all, except Jacob, after the rest may have their legacies, meaning by the term rest such of the legatees as should not have received their legacies, prior to the death of Jacob. Of course, so much’ of the ^legacies as remain unpaid, and had not become a personal charge on Jacob, at the time of his death, is secured, and by the term of the limitation over is made a charge on the land.
But another view may be taken of this question, which will lead to the same result. The devise is made to Jacob, “free and clear of any incumbrance, except as hereinafter mentioned.” This exception relates to the legacies, and to the limitation over, both of which are to be regarded, in ascertaining the rights and responsibilities of the devisee, because the devise, is, in terms, made subject to them both. When the will was made, and when it took effect by the •death of the testator, Jacob had no issue, and it was uncertain whether he ever would have any. It was, therefore, a matter within the calculation of the devisor, that the limitation would probably have its intended effect, and that Jacob’s interest might prove to be an estate for life only. With that impression on his mind, making the devise subject, not only to the legacies, but to the limitation over, he has virtually left the question, as to the nature of the charge of the legacies, an open one, to be decided when the extent of the incumbrance on the devise should be ascertained. And I confess that I do not see any incongruity, or inconvenience, resulting from this arrangement of the testator. If he *160 bad said in terms, what he has said by implication, and what is certainly a fair interpretation of his will, that Jacob should pay the legacies as they became due, during his life, and that if he should die without issue, the residue should be a charge bn the land, no person would have doubted his meaning, or questioned his right to make such a disposition of his property, and if the rules of interpretation lead to that construction, it is the same thing as if the will had contained it in express words.
It has been remarked before that this is a novel case. It is, in. some respects, a case sui generi, to be settled by the application of general principles, without the aid of adjudications; but keeping in view the intention of the testator, and the principles by which devises are construed, we are satisfied that the legacies did not continue a personal charge, after the possibility of an estate of inheritance had determined, by the death of the devisee, and that from that time they *have been a charge on the land, in the hands of the legatees, to whom it was limited over by the will. Or, in other words, that these legacies were intended by the-testator, to be raised out of the land, and were not to be a personal charge till they should become due, and that they should then attach to the person, who might have the estate by the will.
The consequence of this opinion is, that the representatives of Jacob Decker can not be required to pay any part of the legacies, which had not become due and payable at the time of his death.