**WAGNER et v SCHREMBS et**

Ohio Appeals, 5th Dist, Stark Co

No 1279.  Decided Nov 16, 1932

Attorneys not given.

**LEMERT, J.**

In order to construe these items, we believe the cardinal and fundamental principles of will construction to be,

1. The sole end in construing the will is to ascertain the testator's intention.

2. The testator's intention must be ascertained from the language he used in the will.

3. The language the testator used in the will is construed in the light of the circumstances under which he used it.

4. Every part of the will is construed from its four corners.

5. Wills are liberally construed in order to give effect to the testator's intentions.

The contention of the grand children seems to be that under Items 11 and 12 an executory devise as claimed commences in 2014. That an executory devise as distinguished from a remainder rests upon no vested estate and that by reason thereof, the vested estate not being disposed of by the will goes intestate to the heirs at law.

It is to be observed that during the lifetime of the testator he made and entered into a so-called ninety-nine year lease of the Bast Block, giving, granting, selling and conveying to the lessees therein an estate for years. Upon the execution and delivery of this lease we believe that the lessee had an immediate estate for years and John Bast, the lessor, had the reversionary interest in said estate. That in addition thereto, John Bast had an estate for years in the ground rents and rentals reserved in the lease and that reversionary interest or his estate in the ground rents and rentals could be sold, devised or descend as intestate property in the same manner as other property, real, personal or mixed.

Whether John Bast at the time of the making of the will and at the time of his death, was or was not seized in fee simple of the Bast Block, we are not passing upon for the reason that we are of the opinion that we have not and that the court below had not the right so to do. Taking this will as a whole, we are of the opinion that it clearly shows that prior to 2014 it was the intention of the testator that all bequests which could be validly paid, should be paid out of the rents and issues of his property and that the balance and remainder of his estate should go to the nephews and nieces and that after the year 2014 the nephews and nieces would share equally with the grand children in the estate. It seems to us that this construction is both equitable and fair, as the same relates to grand children and nieces and nephews. By the very terms thereof prior to 2014, the grand children are given specific bequests and annuities for their support and education and the nieces and nephews are given the residue and remainder of the estate subject to the payment of all the bequests.

The briefs submitted in this case bring to us directly the proposition as to where the title to the Bast Block vests prior to 2014 and the further question is raised as to whether or not the devise comes by reversion or remainder, and both in oral argument and brief it is contended that this court shall fix the fee in said estate. That brings us directly to the question as to whether or not the court below had the right and whether this reviewing court has the right in construing this will, to determine who has the legal estate or the fee in the property devised. It is to be noted in the instant case that the testator, by appropriate language, did not make any of the bequests or legacies a charge on,

1. The income of the lease.

2. Upon the real estate devised.

He did in Item 13 provide that the payment of the legacies and bequests shall be out of the income of the testator's estate, specifically directing that the principal of his estate shall not be reduced. We are of the opinion that the language so used shows an intent to make a charge upon the income of the ninety-nine year lease so long as it is in effect and upon its termination, the bequest cannot be a charge against the real estate devised.

The law in Ohio is now well settled upon the question as to whether a legacy can be charged against a devise of real estate. A distinction, however, is drawn between a devise specifically and a devise in a general residuary clause. In **Knepper v Knepper, Exr., 103 Oh St 529**, the rule was laid down as follows:

"The intention of the testator to charge legacies on real estate specifically devised, must clearly appear or be clearly deducible from the language of the will, but it is not necessary that the charge shall be made in express terms or that any particular language be used. The intention to charge will be given effect when it clearly appears from the provisions of the instrument."

Under the new Probate Code, §10504-66, GC, the only changes made were that the

term "fiduciary" was used instead of "administrators", etc., and provided that the action may be also brought in the Probate Court.

It is to be noted that the action to construe a will, must be brought by the fiduciary against the legatees and the others asking direction and judgment in matters respecting the trust, estate or property to be administered. We are of the opinion that this section does not authorize any heir, legatee, creditor or other party, or even the fiduciary to ask the court to determine who is the owner of real estate devised; who gets the real estate or how he gets it, is no concern of the administrator or executor.

Prior to January 1, 1932, there was no provision in the law whereby an heir or other person could ask a court to make a declaratory judgment advising them who the owner of the real estate might be. The only method known theretofore to determine such a question was by an action at law to quiet title, partition, etc. Declaratory judgments were not recognized in Ohio generally until the new Probate Code went into effect, when §§10505-1 and 2 GC (114 Ohio Laws 362) were passed. §10505-1 GC provides in substance as follows:

"The Probate Court, in matters within its jurisdiction, shall have power to declare rights, titles, interests and other legal relations whether or not further relief is or could be claimed. Such declaratory judgment or decree may be either affirmative or negative in form and effect and shall have the effect of a **final** judgment. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for."

We note by this Statute that jurisdiction is given to the Probate Court **only** to make declaratory judgment concerning title. The Common Pleas Court, even after the passage of this section, cannot make declaratory judgments of this nature, but is still limited to making declaratory judgments as it formerly did under the common law.

(See explanatory note, Deibel's Probate Law, §607, page 625).

Explaining the proceedings of the Probate Committee in the passage of this act herein, it is stated that for some reason it was not seen fit in Ohio to extend the declaratory judgment law to the Common Pleas Court.

Under §10505-2, GC, it will be noted that the Probate Court may and the Common Pleas Court may not, either upon the application of the fiduciary, heir or others declare a judgment respecting the right and title of a person in an estate.

In the case of **Bowen v Bowen, 38 Oh St, 426,** the next of kin brought suit to construe the will, claiming that a residuary clause granting residue of the property should be null and void and claiming that as next of kin they are entitled to a distributive share. The court holds that since the executors filed no suit for construction that the proper remedy was a suit by the next of kin under the Statute to recover their distributive shares.

We are, therefore, of the opinion that this being a suit to construe a will under §10857 GC, brought by the fiduciary in the Common Pleas Court, that court was limited to giving direction and judgment to the fiduciary in matters respecting the administration of his trust and estate, and that the Common Pleas Court cannot make a declaratory judgment deciding who is the owner of the fee or any estate therein devised or given by said will, nor who is entitled to the proceeds thereof. Under §§10505-1 and 2 GC, we are of the opinion that the Probate Court only has the power to ascertain the interest of any or all persons in the estate, etc.

In order to make plain and clear our holding on Item 9 of the will, we hold that the monthly payment of $50.00 to each grand child shall continue for and during the life of the beneficiary, and that the bequest of $25.00 per month for education and support shall continue only until each grand child reach the age of twenty-one years.

An entry may be drawn in accordance with this opinion. Exceptions may be noted for all parties.

SHERICK, PJ, and MONTGOMERY, J, concur.