## HOLLISTER v WITHERBEE et

Ohio Common Pleas, Hamilton Co

Decided June 24, 1937

Taft, Stettinius & Hollister, Cincinnati, for plaintiff.

Morss Lippincott, Cincinnati, for representatives of Estate of Elizabeth C. Bradford.

Ralph E. Clark, Cincinnati, for Alice C. Witherbee.

### OPINION

By MACK, J.

Gardner Phipps a resident of Hamilton County died July 7, 1881, leaving a last will and testament dated February 7, 1880, duly admitted to probate by the Probate Court of Hamilton County, Ohio, on July 19, 1881.

Testator was survived by seven children, viz., Gardner E. Phipps, Alice L. Phipps (afterwards by marriage Alice L. Kortright), George Phipps, Ada Phipps, Sarah M. Phipps, Charles A. Phipps and Elizabeth C. Bradford.

Said Gardner E. Phipps died intestate in 1890 without issue and his estate has been completely administered in the Probate Court of Hamilton County, Ohio.

Said Alice L. Kortright afterwards died, leaving a will probated in the state of New York in 1892, her estate having been completely administered. She had only one child who is now the defendant, Alice G. Witherbee.

George Phipps died January 4, 1919, and his last will and testament was probated in the Probate Court of Butler County, Ohio, January 20, 1919, and his estate has been completely administered. He never had any child or children.

Ada Phipps died May 13, 1922, a resident of New York and her last will and testament was probated in said state June 13, 1922, and her estate has been completely administered. She had no child or children but had adopted the defendant, Alice G. Witherbee, as her child in the state of New York, in the year 1898.

Sarah M. Phipps died July 27, 1925, a resident of New York, and her last will and testament was admitted to probate in said state on August 18, 1925, and her estate has been completely administered. She never had any child or children.

Charles A. Phipps died a resident of Massachusetts, June 30, 1935, at five o'clock A. M. and his last will and testament was admitted to probate in said state. Said estate is now in process of administration. He never had any child or children.

Elizabeth C. Bradford died a resident of New York, on June 30, 1935, at nine o'clock P. M. Her last will and testament was admitted to probate in said state and her estate is now in process of administration. She had no child or children.

By the will of said Gardner Phipps his wife was given certain real estate for life and household furniture, horses, harness, carriage, etc. He bequeathed to his executors his stock in five companies, to hold the same during the life of his wife, and after payment of taxes, etc. and $12,000 to his wife, to distribute the residue of the income of said stocks "equally among my children, their heirs and assigns."

All the rest and residue of his estate was bequeathed in trust for his seven children. named, "and their heirs."

He empowered his trustees to lease or sell the whole or any part of his property, and provided "the proceeds of every such sale shall be distributed equally among my said children, their heirs and assigns, subject to the qualifications hereinafter made as to

said Elizabeth C. Bradford, George Phipps and Charles A. Phipps, in Items 7 and 8 hereof."

By Item 7 he provides that Elizabeth C. Bradford shall be charged with $10,000 advanced to her.

By Item 8 he provided that when distribution is made, the first $20,000 distributable to each of his sons George Phipps and Charles A. Phipps shall be paid to his son Gardner E. Phipps, in trust for said sons respectively, each receiving semi-annually the net income.

He also directed as follows in Item 8:

"Upon the death of each of my said sons, I direct said trustee to assign and deliver the property so held in trust for said son to the issue of said son, if any; and if he die leaving no issue him surviving, then his wife; and if he leave no wife, then to my other children, their heirs and assigns."

By Item 9 he provided that on the death of the survivor of his executors the property held in trust under the provision as to the rest and residue of his estate, he does give, devise and bequeath "to my said children, and to their heirs and assigns forever, subject, however, as to said Elizabeth C. Bradford, George Phipps and Charles A. Phipps to the provisions of Items 7 and 8 hereof."

Plaintiff herein is the trustee of the fund for Charles A. Phipps under Item 8 of the will of said Gardner Phipps. Said Charles A. Phipps having died on June 30, 1935, without issue and without surviving spouse, it has become the duty of plaintiff trustee to make distribution under said Item 8 of the will of Gardner Phipps to his "other children, their heirs and assigns." Being in doubt as to the true construction of said language of Item 8, plaintiff prays the direction of the court as to the proper distribution of the funds remaining in the hands of plaintiff trustee.

Concisely stated, the situation at the death of said Charles A. Phipps on June 30, 1935, was this: His sister Elizabeth C. Bradford survived him. There was then no surviving issue of the other brothers and sisters of said Charles A. Phipps, except that his sister Alice Kortright was survived by her daughter Alice G. Witherbee. His sister Ada Phipps had then surviving her her adopted daughter, Alice G. Witherbee. The estates of the following sisters and brothers of Charles A. Phipps had then been completely administered, viz., Gardner E. Phipps, Alice L.

Kortright, George Phipps, Ada Phipps, Sarah M. Phipps.

Estates of said Charles A. Phipps and his sister Elizabeth C. Bradford are now in process of administration.

On behalf of the personal representatives of Elizabeth C. Bradford it was claimed that distribution should be made by plaintiff herein entirely to them, and on behalf of defendant Alice G. Witherbee it was claimed that distribution should be made in six portions, viz., one to her and one to the personal representatives of each of the deceased brother and sisters of Charles A. Phipps.

In support of such claim as to the distribution of said funds the arguments and briefs were based, with learning and ingenuity, upon the adjudications relating to the subjects of interests which are vested, and subject to be divested, on the one hand, and on the other hand, those relating to whether the expression "other children their heirs and assigns" are words of purchase or of limitation. In view, however, of the conclusion reached by the court, it is deemed unnecessary to consider such arguments.

Adjudications on the construction of wills occupy a very large part of the legal lore, and it has been wisely said that precedents guide only when the language of the will and all the facts and circumstances are identical with those in the quoted adjudication. See **Brasher v Marsh, 15 Oh St 103**, at 109, per White, J. In this state there is a wealth of authority admonishing in what manner a court should approach the construction of a will.

Over one hundred years ago our Supreme Court, speaking through Judge Burnet, in **Executors of Decker v Executors of Decker, 3 Ohio 157**, at 169, said:

"The intention of the testator is the polar star by which we are to be guided."

This has been repeated ever since in so many Ohio adjudications that it is scarcely necessary to do more than refer to one of the recent opinions of our Supreme Court, viz., **Anderson v Gibson, 116 Oh St 684**, in which this cardinal rule is again crystallized as one of the syllabi, and wherein Marshall, C. J., said at page 687:

"This being a question of the interpretation of a will, this court must observe the cardinal rule of construction and interpretation of wills, viz., to ascertain the inten-

tion of the testator; and in so doing, that intention must be ascertained, if possible, from the language employed in the will itself."

Other Ohio cases applying this rule are collected in **41 Ohio Jurisprudence, p. 590.**

In the ascertainment of the testator's intention, it is a fundamental rule, founded upon common sense, that every part of the will must be construed from its four corners.

**Hasse v Morrison, 110 Oh St 153, at 159; Executors of Decker v Executors of Decker, 3 Ohio 157; Wagner v Schrembs, 44 Oh Ap 44, (14 Abs 187); Rugg v Smith, 40 Oh Ap 101, (9 Abs 718); (Motion to certify overruled); Gaston v Moore, 38 Oh Ap 403, (10 Abs 436), (Motion to certify overruled); Shaw, Exr. v Shaw, 32 Oh Ap 168; Ward v Worthington, 28 Oh Ap 325, (6 Abs 646).**

Legal title at all times since death of testator having been vested in the trustee, with provisions as to equitable interests of life tenant, and upon his death certain then to be determined beneficiary or beneciaries, there is not involved herein any principle of title being "in nubibus."

That the word "heirs" in the intent and purpose of the testator may mean children, issue or descendants is well established by numerous decisions of our Supreme Court.

**King v Beck, 15 Ohio 559; Brasher v March, 15 Oh St 103; Bunnell v Evans, 26 Oh St 409; Durfee v MacNeil, 58 Oh St 238; Cultrice v Mills, 97 Oh St 112.**

Numerous applications of such principle by trial courts and reviewing courts will be found collected in **41 Ohio Jurisprudence, at page 670.**

Adoption of Alice G. Witherbee by Ada Phipps, daughter of testator, having taken place in the state of New York in 1898, the effect of such adoption obviously is governed by the law of that state.

Under the decisions of that state a child, though adopted at the time the law of that state gave no right of inheritance to such adopted child, is entitled to the benefit of subsequently enacted legislation conferring such right. The right of inheritance is determinable by the law in force at the time of the foster parents' death.

**Gilliam v Guaranty Trust Co., 186 N. Y. 127, 134; Theobald v Smith, 103 App. Div. 200; U. S. Trust Co. v Hoyt, 150 App. Div. 621; Rosenkrans v Rosenkrans, 163 App.**

Div. 731. In Re Cook, 187 N. Y. 253, at 261, the court said:

"The line of descent is the course that property takes according to law when the owner dies. By force of the statute (adoption statute) that course is the same in the case of adopted children that it is in the case of own children. In the eye of the law, therefore, adopted children are lineal descendants of their foster parent. They are in the line of descent from him through the command of the statute the same as if that line had been established by nature. The legislature created the relation and extended it to the right of inheritance, not only as between the foster parent and the adopted child, but also as between the children of the adopted child and the foster parents."

When Alice G. Witherbee was so adopted the effect of such adoption was prescribed by the laws of New York, 1897, chapter 408, page 333, which is the same as the present law found in Cahill's Consolidated Laws of New York, 1930, Chapter 14, §114, reading:

"The foster parent or parents and the person adopted sustain toward each other the legal relation of parent and child, and shall have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other." (§10512-19, GC, is to same effect).

Bearing in mind the principles hereinbefore stated and looking at the will of Gardner Phipps from its four corners, this court is clearly of opinion that said will in each of its items evinces the clear intention of said testator that whenever the life tenants of the trusts created by Item 8 of the will died without children or surviving spouse, then distribution of the trust fund should be made "then," that is to say, at such time and under such circumstances, to the then surviving child or children of testator, and the child or children of testator who at such time were deceased leaving child or children. In other words, the court finds that the will expresses the intention of testator that the trust funds should be distributed "in the family" to the then surviving child or children and the child or children of any deceased child of testator. This conclusion, to use the words of a colleague in a similar case, sustains the seeming natural disposition of tes-

tator's property as disclosed by the will and surrounding circumstances.

It certainly was not the intention of testator, as evidenced by the provisions of his will that upon the death of the life beneficiary of either trust created by Item 8 of his will, when such life tenant left no child or surviving spouse, that any portion of such trust fund should be distributed by personal representatives of estates of children of testator who had died without issue and whose estates at the death of the life tenant under the trusts had been completely administered. In our opinion this would be manifestly against his intention as revealed by the provisions of testator's will.

It follows from the foregoing that in the opinion of the court distribution of the funds in the hands of plaintiff trustee should be made one-third to the personal representative of Elizabeth C. Bradford, who was living at the death of Charles A. Phipps, and who subsequently died; one-third to Alice G. Witherbee, a granddaughter of testator, viz., the daughter of Alice L. Kortright, one of testator's seven children; and one-third to Alice G. Witherbee, the granddaughter through adoption of testator, to-wit, the adopted daughter of Ada Phipps, one of the seven children of testator.

Plaintiff trustee is entitled to payment of his attorney's fees for this action out of trust funds in his hands, and a reasonable amount therefor, if not agreed upon by the parties herein, will be determined by the court.